## IN THE CIRCUIT COURT OF CLAIBORNE COUNTY, MISSISSIPPI

**ROBERT FRANKLIN AND SHANNON O'QUINN FRANKLIN,
EACH INDIVIDUALLY AND EACH ON BEHALF OF
LARRY D. MAYS, A MINOR CHILD**                        **PLAINTIFFS**

**V.**                                    **CAUSE NO.:** _2015-36_

**NORTH CENTRAL NARCOTICS TASK FORCE;
CLAIBORNE COUNTY, MISSISSIPPI; MARIO GRADY,
IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES;
CORY WEATHERSPOON, IN HIS OFFICIAL AND INDIVIDUAL
CAPACITIES; SCOTT STEWART, IN HIS OFFICIAL AND
INDIVIDUAL CAPACITIES; WILLIAM NEVELS, IN HIS
OFFICIAL AND INDIVIDUAL CAPACITIES; THE CLAIBORNE
COUNTY SHERIFF'S DEPARTMENT AND MICHAEL WELLS,
IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES; AND
DOE DEFENDANTS 1-10**                             **DEFENDANTS**

### SUMMONS

THE STATE OF MISSISSIPPI
COUNTY OF CLAIBORNE

  TO: Mario Grady
     North Central Narcotics Task Force
     P.O. Box 1534
     Greenwood, MS 38935

### NOTICE TO DEFENDANT

**THE COMPLAINT ATTACHED TO THIS SUMMONS IS IMPORTANT AND
YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

  You are required to mail or hand-deliver a copy of your written response to the Complaint to Thomas J. Bellinder, attorney for the Plaintiffs, whose address is 232 Market Street, Second Floor, Flowood, MS 39232. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint. You must also file the original of your response with the Clerk of this court within a reasonable time afterward.

  Issued under my hand and the seal of the Court, this the ___3rd___ day of
___June_____, 2015.



**EXHIBIT**

A

(Seal)

MRS. SAMMIE GOOD
CIRCUIT COURT CLERK
CLAIBORNE COUNTY, MISSISSIPPI

BY: _____ D.C.

**Counsel for Plaintiffs:**
Thomas J. Bellinder (MSB# 103115)
**THOMAS J. BELLINDER, P.A.**
232 Market St.
Second Floor
Flowood, MS 39232
Phone: (601) 914-7277
Fax:     (601) 914-7201
Email: Thomas.Bellinder@gmail.com

IN THE CIRCUIT COURT OF CLAIBORNE COUNTY, MISSISSIPPI

ROBERT FRANKLIN AND SHANNON O'QUINN FRANKLIN,
EACH INDIVIDUALLY AND EACH ON BEHALF OF
LARRY D. MAYS, A MINOR CHILD

**PLAINTIFFS**

V.                                              CAUSE NO.: _2015 36_

NORTH CENTRAL NARCOTICS TASK FORCE;
CLAIBORNE COUNTY, MISSISSIPPI; MARIO GRADY,
IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES;
CORY WEATHERSPOON, IN HIS OFFICIAL AND INDIVIDUAL
CAPACITIES; SCOTT STEWART, IN HIS OFFICIAL AND
INDIVIDUAL CAPACITIES; WILLIAM NEVELS, IN HIS
OFFICIAL AND INDIVIDUAL CAPACITIES; MICHAEL WELLS,
IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES; AND
DOE DEFENDANTS 1-10

**DEFENDANTS**

---

## COMPLAINT
### (PLAINTIFFS REQUEST TRIAL BY JURY OF ALL PARTIES)

---

COMES NOW Plaintiffs, Robert Franklin and Shannon O'Quinn Franklin, each individually and each on behalf of Larry D. Mays, a Minor Child (hereafter collectively "Plaintiffs"), by and through undersigned counsel and pursuant to the laws of the State of Mississippi and the Mississippi Rules of Civil Procedure and files this Complaint against Defendants North Central Narcotics Task Force, Claiborne County, Mississippi, Mario Grady, in his official and individual capacities, Cory Weatherspoon, in his official and individual capacities; Scott Stewart, in his official and individual capacities; William Nevels, in his official and individual capacities; Michael Wells, in his official and individual capacities; and Doe Defendants 1-10 (collectively hereafter "Defendants"). In support thereof, Plaintiffs would show unto this Honorable Court the following:

Filed _____ in My Office
This ____ Day of _____ A.D., 20__
Mrs. Stephanie L. Good, Circuit Clerk
By _____ , D.C.

1

# I.

## JURISDICTION AND VENUE

1.     This Honorable Court has jurisdiction and venue over the parties and this cause of action. This civil action arises out of the acts and/or omissions of the Defendants committed in whole or in part in Claiborne County in the State of Mississippi against residents of Claiborne County, Mississippi.

2.     This Court has personal jurisdiction over all the Defendants in the instant suit who reside or may be found in the State of Mississippi, or who are doing business in the State of Mississippi. Additionally, the allegations which caused and/or contributed to the subject incident occurred within the confines of Claiborne County, Mississippi.

3.     Venue is properly established before this Court based upon Mississippi Code Annotated § 11-11-3 (1)(a)(i) (Amended 2006). Pursuant to the statute, venue is proper because the present action has been instituted where at least one of the individual defendants resides and/or where the acts and omissions complained of occurred.

# II.

## PARTIES

4.     Plaintiff Robert Franklin is an adult resident citizen of Claiborne County, Mississippi who may be contacted by and through his undersigned attorney. Plaintiff Robert Franklin brings this action in an individual capacity and in a representative capacity on behalf of his minor child, Larry D. Mays.

5.     Plaintiff Shannon O'Quinn Franklin is an adult resident citizen of Claiborne County, Mississippi who may be contacted by and through her undersigned attorney. Plaintiff Shannon O'Quinn Franklin brings this action in an individual capacity and in a representative capacity on behalf of her minor child, Larry D. Mays.

6.     Defendant North Central Narcotics Task Force is a law enforcement arm of the government authorized under and by virtue of the laws of the State of Mississippi. The North Central Narcotics Task Force may be served with process through its Chief Executive Officer at P.O. Box 1534, Greenwood, MS 38935.

7.     Defendant Claiborne County, Mississippi is a unit of government authorized under and by virtue of the laws of the State of Mississippi. Claiborne County, Mississippi may be served with process through the Claiborne County Board of Supervisors, Allen Burkes (District 1), Charlie Norrell, Sr. (District 2), Eddwin Smith (District 3), Ronald Shoulders (District 4) and Daniel Porter, Sr. (District 5) at 510 Market St., Port Gibson, MS 39150.

8.     Defendant Mario Grady, upon information and belief is an adult resident citizen of Leflore County, Mississippi who may be served with process where found.

2

9.      Defendant Cory Weatherspoon, upon information and belief is an adult resident citizen of Leflore County, Mississippi who may be served with process where found.

10.     Defendant Scott Stewart, upon information and belief is an adult resident citizen of Leflore County, Mississippi who may be served with process where found.

11.     Defendant William Nevels, upon information and belief is an adult resident citizen of Leflore County, Mississippi who may be served with process where found.

12.     Defendant Michael Wells, upon information and belief is an adult resident citizen of Claiborne County, Mississippi who may be served with process where found.

13.     Doe Defendants 1-10 are other individuals, persons, businesses, institutions, corporate persons or entities whose identities are unknown to the Plaintiffs at the filing of this complaint, but who may be liable for all or part of the acts or omissions committed resulting in the subject incident herein and against whom Plaintiffs may seek recovery of damages.

## III.

## NOTICE OF CLAIMS

14.     In correspondence dated February 9, 2015 the Plaintiffs, by and through counsel caused to be filed and delivered by certified U.S. mail to North Central Narcotics Task Force, ATTN: Chief Executive Officer, P.O. Box 1534, Greenwood, MS 38935, North Central Narcotics Task Force, ATTN: Scott Stewart, P.O. Box 1534, Greenwood, MS 38935, North Central Narcotics Task Force, ATTN: Cory Weatherspoon, P.O. Box 1534, Greenwood, MS 38935, North Central Narcotics Task Force, ATTN: William Nevels, P.O. Box 1534, Greenwood, MS 38935, North Central Narcotics Task Force, ATTN: Mario Grady, P.O. Box 1534, Greenwood, MS 38935 and Claiborne County Sheriff's Office, ATTN: Sheriff Marvin Lucas, ATTN: Chief Executive Officer, ATTN: Michael Wells, 410 Main Street, Port Gibson, MS 39150 a notice of claim letter regarding the act(s) and/or omission(s) set forth herein, pursuant to Miss. Code Ann. δ 11-46-11, 42 U.S.C. § 1983 and any and all other applicable state or federal statute(s) or constitutional provision(s), and/or any applicable state or federal common law cause(s) of action. A copy of this letter and certified returns of service is incorporate herein by referenced and attached as "Exhibit A." To date, no response has been received. Plaintiffs submit that this notice of claims letter has been on file and these Defendants on notice at least Ninety-Five (95) days prior to filing the instant suit.

## IV.

## FACTS

15.     On March 20, 2014, Larry D. Mays was physically accosted by members of the North Central Narcotics Task Force and the Claiborne County Sheriff's Department at his home in Port Gibson, MS. Individuals including Mario Grady, Cory Weatherspoon, Scott Stewart,

William Nevels and Michael Wells came into the Claimants' home, snatched Larry D. Mays out of his bed, threw him to the ground, put their feet/knees in his back and held him at gunpoint.

16.    The Defendants handcuffed Larry D. Mays and twisted his arm.  Larry D. Mays is a special needs child, who suffers from seizures.  Immediately after the Task Force and Sheriff's Department left the scene, Larry D. Mays suffered a seizure.  Larry D. Mays has been suffering seizures at an increased rate since the time of this incident.

17.    The actions of the named defendants were unprovoked and unjustified, as Larry D. Mays had not committed a crime and was never charged with a crime.

18.    Claimants are prepared to show by a preponderance of the evidence that the injuries sustained by the Plaintiffs were caused and/or contributed to the act(s) and/or omission(s) of Defendants herein and/or their agents/employees.

19.    Defendants in this matter had affirmative duties to protect and safeguard Larry D. Mays and to provide him with necessary and proper medication and medical treatment while in their custody.

20.    The act(s) and/or omission(s) of the Defendants (including employees of the aforementioned in their official capacities as well as other unknown individuals, entities, businesses, parent companies, corporations, and etc.) caused and/or contributed to the injuries sustained by the Plaintiffs.

21.    The emotional and psychological trauma caused by the injuries sustained by Larry D. Mays directly and proximately affects all of the Plaintiffs herein.

22.    Defendants (including employees of the aforementioned in their official capacities as well as other unknown entities, businesses, parent companies, corporations, and etc.) breached the standard of care owed to the Plaintiffs.

23.    As a result of these act(s) and/or omission(s), the Plaintiffs seek to recover damages economic as well as other non-economic damages.

**V.**

**CLAIMS FOR RELIEF**

**Violation of Civil Rights Pursuant to 42 U.S.C. § 1983**

**(General Allegations)**

24.    Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

25.    In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiffs of certain constitutionally protected rights under the Fourth and Fourteenth Amendments to the Constitution of the United States including, but not limited to: a) the right to be free from unreasonable searches and seizures; b) the right not to be deprived of life without due process of law; and c) the right not to be deprived of liberty without due process of law.

26.    In violating Plaintiffs' rights as set forth above and other rights that will be proven at trial, Defendants acted under color of state law to set into motion a chain of events leading to the injuries sustained by the Plaintiffs. The acts and/or omissions of the Defendants violated Plaintiffs' rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

27.    As a direct and proximate result of the violation of their constitutional rights by the Defendants, Plaintiffs suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C §1983.

28.    The conduct of Defendants was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

## Violation of Civil Rights Pursuant to 42 U.S.C. § 1983

### (Failure to Implement Appropriate Policies, Customs and Practices)

29.    Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

30.    Defendants (including employees of the aforementioned in their official capacities as well as other unknown individuals, entities, businesses, parent companies, corporations, and etc.) implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices, that included, among other things, the routine use of excessive force against members of the community, the refusal to provide adequate medical care, disregard for individuals with special needs and the willful ignorance as to complaints about processes and procedures utilized in investigations and lack of proper care.

31.    The failure of all Defendants to adequately train and supervise their employees, agents and security personnel amount to deliberate indifference to the rights of the Plaintiff to be free from unreasonable seizures under the Fourth and Fourteenth Amendments to the Constitution of the United States.

32.    In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiffs as alleged herein of certain constitutionally protected rights including, but not limited to: a) the right to be free from unreasonable searches and seizures; b) the right not to be deprived of life without due process of law; and c) the right not to be deprived of liberty without due process of law.

## Reckless Disregard

33.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

34.     The actions of the Defendants involved were reckless, grossly negligent, malicious, and amount to a conscious disregard of the civil rights of the Plaintiffs.

35.     The Defendants involved acted in reckless disregard of the safety and wellbeing of the Plaintiffs.

36.     Upon information and belief, at all pertinent times the Defendants involved acted within the course and scope of their employment with the North Central Narcotics Task Force, the Claiborne County Sheriff's Department and Doe Defendants 1-10.  To the extent such potentially liable Defendants were not acting within the course and scope of their employment with the aforesaid named entities, Plaintiffs specifically places same on notice of their intent to pursue the legal remedies identified herein.

## Negligence and Negligence *Per Se*

37.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

38.     At the time and on the occasion in question, Defendants (including employees of the aforementioned in their official capacities as well as other unknown individuals, entities, businesses, parent companies, corporations, and etc.), individually, jointly, and severally, possessed a duty of reasonable and/or ordinary care while operating a narcotics task force and a sheriff's department in Mississippi.

39.     Specifically, all Defendants owed a duty to the members of the general public entrusted to their care to maintain their safety, health and well-being, both physical and psychological.

40.     The duty owed by all Defendants to the Plaintiffs, to use reasonable and/or ordinary care in operating a narcotics task force and a sheriff's department, included but was not limited to affirmative duties to protect and safeguard members of the general public, to provide prompt medical care to members of the general public, to provide medication to members of the general public, to make reasonable efforts to keep members of the general public safe, to avoid actively harming members of the general public, to prevent injustice and abuse, to obey the laws of the State of Mississippi and the United States of America, to implement adequate and appropriate policies and procedures for the operation of the facility and to prevent abusive and illegal practices.

41.     Defendants (including employees of the aforementioned in their official capacities as well as other unknown individuals, entities, businesses, parent companies,

corporations, and etc.), individually, jointly, and severally, were negligent in the following particulars, including but not limited to:

    (a) failing to provide Larry D. Mays with prompt medical care;

    (b) failing to heed the warnings of Larry D. Mays's medical condition;

    (c) failing to heed the warnings of Larry D. Mays's parents regarding the nature of their son's medical conditions;

    (d) failing to prevent Larry D. Mays's injuries;

    (e) refusing to provide adequate medical care to members of the general public, including but not limited to Larry D. Mays;

    (f) engaging in conduct likely to cause physical, psychological and emotional harm to Larry D. Mays;

    (g) failing to supervise the conduct of its personnel;

    (h) failing to take proper corrective action when employee(s) took inappropriate and illegal actions against members of the general public; and

    (i) other acts of negligence as will be more fully shown at trial.

42.    The above acts constitute common law negligence and negligence per se and were each a proximate cause of the occurrence in question.  Further, the act(s) and/or omission(s) of the Defendants (including employees of the aforementioned in their official capacities as well as other unknown individuals, entities, businesses, parent companies, corporations, and etc.), individually, jointly, and severally, resulted in the Plaintiffs' damages.

43.    As a result of these aforesaid acts, Plaintiffs suffered and continues to suffer severe, irreparable injuries.

## Gross Negligence

44.    Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

45.    The actions of Defendants, when viewed objectively, involved an extreme degree of risk considering the probability and magnitude of the potential harm to Plaintiffs. Defendants had actual, subjective awareness of the risk, but nevertheless preceded with conscious indifference to the rights, safety or welfare of Plaintiffs herein and as such constitutes gross negligence (malice) as the term is defined under Mississippi law. As a result, Plaintiffs are entitled to the recovery of punitive damages.

## Negligent Hiring, Retention, Supervision and Control

46.    Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

47.    At the time and on the occasion in question, Defendants North Central Narcotics Task Force and the Claiborne County Sheriff's Department were negligent in hiring, retaining, supervising and/or control their employee(s), servant(s), and/or agent(s), Mario Grady, Cory Weatherspoon, Scott Stewart, William Nevels, Michael Wells and Doe Defendants 1-10.

Defendants had a duty to exercise ordinary care in the hiring, supervising and training of its employees, as well as in the maintenance of its security measures. Defendants breached that duty in the following respects, among others:

(a)  failing to adequately inquire into the competence, employment history and criminal background of employee, agent or servant, Mario Grady, Cory Weatherspoon, Scott Stewart, William Nevels, Michael Wells and Doe Defendants 1-10;

(b)  failing to adequately train employee, agent or servant, Mario Grady, Cory Weatherspoon, Scott Stewart, William Nevels, Michael Wells and Doe Defendants 1-10;

(c)  failing to properly supervise employee, agent or servant, Mario Grady, Cory Weatherspoon, Scott Stewart, William Nevels, Michael Wells and Doe Defendants 1-10;

(d)  failing to comply with industry standards and regulations regarding supervision of personnel and police officers, and;

(e)  other acts of negligent hiring, retention, supervision and control as will be more fully shown at trial.

The above acts constitute negligence and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of Defendants proximately caused Plaintiffs' damages.

### *Res Ipsa Loquitur*

48.   Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

49.   At all pertinent times, Defendants collectively were in sole and complete control of their police policies, practices and personnel, which became the instrumentality causing the resulting injuries sustained by the Plaintiffs. Defendants negligently, if not intentionally, failed to exercise the power necessary to avert such casualty by insuring that the proper supervision, experience, and safety measures were in place to avoid the injuries sustained by the Plaintiffs.

50.   Defendants were presented with an available opportunity to avoid the resulting incident. Defendants, however, failed to exercise such control over their security personnel and police officers to prevent the death of decedent and injuries sustained by the Plaintiffs.

51.   The duty of care owed to the Plaintiffs was therefore breached by the Defendants.

52.   The act(s) and/or omission(s) of these Defendants, under the present set of circumstances, provide an inference of negligence of the part of these Defendants, either individually or collectively, so as to establish a prima facie case. The mere occurrence of this incident and the resulting injuries, taken with the surrounding circumstances, should allow for an inference of negligence against these Defendants.

53.    The above acts constitute negligence and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of these Defendants proximately caused the damages and injuries sustained by the Plaintiffs.

## Respondeat Superior

54.    Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

55.    Mario Grady, Cory Weatherspoon, Scott Stewart, William Nevels, Michael Wells and Doe Defendants 1-10 were in the course and scope of their employment with Defendants North Central Narcotics Task Force and the Claiborne County Sheriff's Department at all relevant times immediately subsequent and preceding the incidents in question, and therefore, Defendants are liable for the negligence of its employee(s)/statutory employee(s).

## Agency

56.    Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

57.    At the times material hereto, Mario Grady, Cory Weatherspoon, Scott Stewart, William Nevels, Michael Wells and Doe Defendants 1-10 were in the course and scope of their employment with and acted in furtherance of the interests of Defendants North Central Narcotics Task Force and the Claiborne County Sheriff's Department, and/or was an apparent agent acting within the actual or apparent authority of Defendants North Central Narcotics Task Force and the Claiborne County Sheriff's Department; therefore, Defendants are liable for the negligence of its employee(s)/statutory employee(s)/agent(s).

## Negligent Infliction of Emotional Distress

58.    Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

59.    The act(s) and/or omission(s) of the Defendants (including agents, employees and/or independent contractors of the aforementioned in their official capacities as well as other unknown entities, businesses, parent companies, corporations, and etc.), on the dates and times in question caused Plaintiffs severe emotional distress through their negligent conduct.

60.    The negligent conduct perpetrated upon the Plaintiffs was awful, traumatic, and disturbing events, which has caused the Plaintiffs to suffer serious emotional anguish.

61.    At all relevant times, the Plaintiffs were in the zone of danger as a result of the act(s) and/or omission(s) of the Defendants.

62.     The act(s) and/or omission(s) of the aforementioned Defendants constitute a negligent infliction of emotional distress as defined under Mississippi law, and were each a proximate cause of the injuries of the Plaintiffs as well as the damages and losses sustained by the Plaintiffs.

### Breach of a Non-Delegable Fiduciary Duty

63.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

64.     The failure and/or refusal of the Defendants (including agents, employees and/or independent contractors of the aforementioned in their official capacities as well as other unknown entities, businesses, parent companies, corporations, and etc.) to prevent the injuries sustained by the Plaintiffs, at a time when the same was absolutely essential, constituted a breach of a non-delegable and/or fiduciary duty owed to the Plaintiffs and other persons similar situated.

### The Common Law Tort of Outrage

65.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

66.     The overall conduct of the Defendants (including agents, employees and independent contractors of the aforementioned in their official capacities as well as other unknown entities, businesses, parent companies, corporations, and etc.) on the dates in question was so outrageous that it shocks the moral and legal conscience of the community.  This outrageous conduct resulted in the Plaintiffs suffering potentially permanent damage to their physical, psychological and emotional well-being.  The manner, method and design of the aforementioned Defendants' conduct amounted to a cold, callous, premeditated abuse of authority.

67.     As a direct and proximate consequence of the outrageous conduct of the aforementioned Defendants, both known and unknown, these Defendants are jointly and severally liable to the Plaintiffs for such outrageous conduct.  Thus, Plaintiffs are entitled to a monetary judgment against the Defendants who engaged in or contributed to or otherwise facilitated through their acts of omission or commission such outrageous conduct toward them.

### Negligent Failure to Discipline or Take Necessary Corrective Action

68.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

69.     The Defendants (including agents, employees and independent contractors of the aforementioned in their official capacities as well as other unknown entities, businesses, parent companies, corporations, and etc.) were vested with the authority to hire, fire, and discipline employees, police officers and personnel of the North Central Narcotics Task Force and the Claiborne County Sheriff's Department.

70.     Furthermore, on information and belief, Plaintiffs will show that over the course of the past several years, there have been numerous complaints made about, but not limited to, incidents of excessive force, violence by officers and personnel and the failure to provide adequate supervision of employees, police officers and personnel.

71.     The decision by the Defendants to hire, retain and not discipline these employees, officers and/or security personnel resulted in the creation of an environment of excessive force and violence.

72.     As a direct and proximate consequence of the negligent hiring, retention and failure to discipline or to take the necessary corrective action in the past, regarding employees, officers and/or security personnel employed at the North Central Narcotics Task Force and the Claiborne County Sheriff's Department, the aforementioned Defendants are liable for the unlawful death and corresponding deprivation of rights sustained by the Plaintiffs.

## Civil Conspiracy

73.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

74.     The Defendants (including agents, employees and independent contractors of the aforementioned in their official capacities as well as other unknown entities, businesses, parent companies, corporations, and etc.) took the above-described actions in concert and in furtherance of a conspiracy to commit and cover up the wrongs complained of herein.

75.     As a proximate result of the acts in concert by Defendants, Plaintiffs have been damaged.

## Abuse of Process

76.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

77.     Based upon the facts set forth herein, Defendants made an illegal use of civil and criminal process, a use neither warranted nor authorized by the process.

78.     Defendants in this matter had an ulterior motive, i.e. to embarrass and punish the Plaintiffs and make an example out of them.

79.     Damages resulted from the perverted use of the process in this matter, proximately caused by the actions and/or inactions of the Defendants.

## VI.

## DAMAGES

### ECONOMIC DAMAGES

80.   Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

81.   As a result of the act(s) and/or omission(s) of these Defendants, Plaintiffs seek the recovery of any and all kinds of economic damages available under the law and incurred as a result of the injuries they sustained.

### NON-ECONOMIC DAMAGES

82.   Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

83.   As a result of the act(s) and/or omission(s) of these Defendants, Plaintiffs seek recovery for certain non-economic damages which occurred as a result of the Defendants' negligent act(s) and/or omission(s); including, but not limited to: physical injuries, pain and suffering, severe mental pain and suffering, anguish, suffering, inconvenience, worry, emotional distress, loss of society and companionship, physical impairment, loss of the enjoyment of life, hedonic damages, loss of credit worthiness, medical or special damages, and others, directly attributable to the occurrence made the basis of this lawsuit and directly attributable to their injuries and the harm they have sustained.

84.   Plaintiffs have suffered out-of-pocket expenses which include travel expenses, attorneys' fees, costs of court, time from work, funeral expenses, nursing expenses, physical therapy expenses and other expenses.   Accordingly, Plaintiffs seek all general, special, incidental and consequential damages as shall be proven at the time of trial, including exemplary, enhanced and trebled damages.   Plaintiffs seek pre-judgment interest at a rate commensurate with the actual rate of interest in the marketplace or, alternatively, a statutory rate of interest because of the delay in receiving the damages and also to avoid unjust enrichment to Defendants.   Plaintiffs also seek post-judgment interest at the maximum rate allowed by law.

85.   The amount of total damages suffered by Plaintiffs is significant and continuing in nature.   Plaintiffs reserve the right to amend and state further with respect to their damages.

### PUNITIVE DAMAGES

86.   Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

87.    Pursuant to Miss. Code Ann. § 11-1-65, inasmuch as the conduct of Defendants herein constitutes a willful, wanton, egregious and reckless disregard for the rights and safety of the Plaintiffs, an award of punitive damages is appropriate and necessary under these facts.

## RIGHT TO AMEND PURSUANT TO MISS. R. CIV. P. 15

88.    Pursuant to Rule 15 of the Mississippi Rules of Civil Procedure, Plaintiffs reserve the right to name additional defendants should later facts establish that others are liable herein.

## JURY TRIAL DEMANDED

89.    Plaintiffs demand a jury trial.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs pray that upon final trial hereof they be entitled to take, have and recover, of and from said Defendants the above damages, including actual, compensatory, exemplary, pre-judgment interest, post-judgment interest, costs of Court, attorneys' fees, and for such other and further relief to which they may show themselves to be justly entitled.

Respectfully submitted this the 29th day of May, 2015.

ROBERT FRANKLIN AND SHANNON O'QUINN
FRANKLIN, EACH INDIVIDUALLY AND EACH
ON BEHALF OF LARRY D. MAYS, A MINOR
CHILD

By: _____
                Thomas J. Bellinder

Of Counsel:
Thomas J. Bellinder (MSB# 103115)
THOMAS J. BELLINDER, P.A.
232 Market St.
Second Floor
Flowood, MS 39232
Phone: (601) 914-7277
Fax:    (601) 914-7201
Email: Thomas.Bellinder@gmail.com

# THOMAS J. BELLINDER, P.A.

MS BAR: 103115
FL BAR: 65254
DC BAR: 996096

503 FARMER ST.
PORT GIBSON, MS 39150

PHONE: (769) 257-6052
FAX: (769) 257-6596

EMAIL: THOMAS.BELLINDER@GMAIL.COM

February 9, 2015

<u>VIA CERTIFIED U.S. MAIL</u>
North Central Narcotics Task Force
ATTN: Chief Executive Officer
P.O. Box 1534
Greenwood, MS 38935

<u>VIA CERTIFIED U.S. MAIL</u>
North Central Narcotics Task Force
ATTN: Scott Stewart
P.O. Box 1534
Greenwood, MS 38935

<u>VIA CERTIFIED U.S. MAIL</u>
North Central Narcotics Task Force
ATTN: Cory Weatherspoon
P.O. Box 1534
Greenwood, MS 38935

<u>VIA CERTIFIED U.S. MAIL</u>
North Central Narcotics Task Force
ATTN: William Nevels
P.O. Box 1534
Greenwood, MS 38935

<u>VIA CERTIFIED U.S. MAIL</u>
North Central Narcotics Task Force
ATTN: Mario Grady
P.O. Box 1534
Greenwood, MS 38935

<u>VIA CERTIFIED U.S. MAIL</u>
Claiborne County Sheriff's Office
ATTN: Sheriff Marvin Lucas
ATTN: Chief Executive Officer
ATTN: Michael Wells
410 Main Street
Port Gibson, MS 39150

RE:     Notice of Claims

Dear Sir or Madam;

<u>Scope of Representation</u>

This letter will serve as official notice of claims against the North Central Narcotics Task Force, Mario Grady, Cory Weatherspoon, Scott Stewart, William Nevels, the Claiborne County Sheriff's Department and Michael Wells, pursuant to Miss. Code Ann. § 11-46-11, 42 U.S.C. s. 1983 and any other applicable state or federal statute or constitutional provision(s), and/or any applicable state or federal common law cause(s) of action. The aforementioned individuals and/or entities as well as unknown employees and/or agents of the North Central Narcotics Task Force, Mario Grady, Cory Weatherspoon, Scott Stewart, William Nevels, the Claiborne County Sheriff's

EXHIBIT "A"

Department and Michael Wells are known to be involved with the incident described herein.

### The Time and Place the Injury Occurred

Our Firm has been retained by Robert Franklin and Shannon O'Quinn Franklin, as the natural parents and next friends of Larry D. Mays. This representation arises from an incident which took place at the family's home located at 1046 Northside Drive, Port Gibson, MS 39150. The incident occurred on or about March 20, 2014.

### Residence of the Person Making the Claim at the Time of the Injury

At the time of this injury, Robert Franklin, Shannon O'Quinn Franklin and Larry D. Mays resided at 1046 Northside Drive, Port Gibson, MS 39150.

### Residence of the Claimant at the time of the Filing of this Notice

At the time of the filing of this notice, Robert Franklin, Shannon O'Quinn Franklin and Larry D. Mays resides at 1046 Northside Drive, Port Gibson, MS 39150.

### The Circumstances Which Brought About the Injury
### The Extent of the Injury
### The Names of All Persons Known to Be Involved

On March 20, 2014, Larry D. Mays was physically accosted by members of the North Central Narcotics Task Force and the Claiborne County Sheriff's Department at his home in Port Gibson, MS. Individuals including Mario Grady, Cory Weatherspoon, Scott Stewart, William Nevels and Michael Wells came into the Claimants' home, snatched Larry Mays out of his bed, threw him to the ground, put their feet/knees in his back and held him at gunpoint. These individuals handcuffed Larry Mays and twisted his arm. Larry Mays is a special needs child, who suffers from seizures. Immediately after the Task Force and Sheriff's Department left the scene, Larry Mays suffered a seizure. Larry Mays has been suffering seizures at an increased rate since the time of this incident.

The actions of the individuals involved were reckless, grossly negligent, malicious, and amount to a conscious disregard of the civil rights of the Claimants. The individuals involved acted in reckless disregard of the safety and well being of the Claimants. Upon information and belief, at all pertinent times the individuals involved acted within the course and scope of their employment with the North Central Narcotics Task Force, Mario Grady, Cory Weatherspoon, Scott Stewart, William Nevels, the Claiborne County Sheriff's Department and Michael Wells. To the extent such potentially liable individuals were not acting within the course and scope of their employment with the aforesaid named entities, Claimants specifically places same on notice of their intent to pursue the legal remedies identified herein.

<u>Types of Claims Likely to Be Made</u>
<u>Amount of Money Damages Sought</u>

Robert Franklin and Shannon O'Quinn Franklin, as the natural parents and next friends of Larry D. Mays, intend to file a lawsuit in this matter pursuant to Miss. Code Ann. δ 11-46-11, 42 U.S.C. s. 1983 and any other applicable state or federal statute or constitutional provision. Claimants assert the following state law claims: (i) negligence, (ii) gross negligence, (iii) civil assault, (iv) civil battery, (v) intentional infliction of emotional distress, (vi) negligent infliction of emotional distress, (vii) reckless disregard for the rights and safety of others, (viii) violation of civil rights, and others.

Claimants seek money damages in excess of the jurisdictional amount of Claiborne County Circuit Court for past, present and future medical expenses, pain and suffering, and any additional damages Claimants may be entitled to by law or that the trial court may deem appropriate. Claimants seek an award of damages adequate to compensate for all injuries sustained, for all general/special damages caused by the conduct of the Defendants, for the costs of litigating the case, for punitive damages sufficient to punish the Defendants for their egregious conduct and to deter them from ever repeating such atrocities; and for all other relief to which Claimants asserts he is entitled by Mississippi and Federal law.

Please refer all correspondence or communication to my office relating to this claim. Should you need additional information to properly evaluate and/or investigate this claim, please contact our office.

Respectfully,

STEWART, BELLINDER & ASSOC.

Thomas J. Bellinder, Esq.

TJB/

cc:    Cynthia A. Stewart, Esq.

Nov 13 15 04:47p     Geri Grady                              601-638-4844                    p.19



**SENDER: COMPLETE THIS SECTION**

☐ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
☐ Print your name and address on the reverse so that we can return the card to you.
☑ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Claiborne County Sheriff's office
Attn: Marvin Lucas
Attn: CEO
Attn: Michael Wells
410 Main St
Port Gibson MS 39150

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☐ Agent   ☐ Addressee

B. Received by (Printed Name)          C. Date of Delivery
MAE LUSH                                02/10/15

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:          ☐ No

3. Service Type
☑ Certified Mail®   ☐ Priority Mail Express™
☐ Registered   ☑ Return Receipt for Merchandise
☐ Insured Mail   ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)     7013 2250 0000 0480 0194

PS Form 3811, July 2013          Domestic Return Receipt

---

**U.S. Postal Service**
**CERTIFIED MAIL™ RECEIPT**
**(Domestic Mail Only; No Insurance Coverage Provided)**

For delivery information visit our website at www.usps.com®

Postage $

Certified Fee

Return Receipt Fee
(Endorsement Required)

Restricted Delivery Fee
(Endorsement Required)

Total Postage & Fees $

Postmark Here
USPS
LEFLEUR
MS JACKSON 39211
FEB 09 2016

Sent To
North Central Narcotics Task Force
Street, Apt. No.;
or PO Box No. PO Box 1534
City, State, ZIP+4 Greenwood MS 38935

7013 2250 0000 0480 0170



**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

North. Cent. Narc. Task Force
Attn: CEO
P O Box 1534
Greenwood  MS 38935

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee
B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☒ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)      7013 2250 0000 0480 0156

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here
FEB 09 2015
02/3??/2015

7013 2250 0000 0480 0156

Sent To
North Central Narcotics Task Force CEO
Street, Apt. No.; or PO Box No.
PO Box 1534
City, State, ZIP+4
Greenwood MS 38935



**SENDER: COMPLETE THIS SECTION**

☑ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
☑ Print your name and address on the reverse
  so that we can return the card to you.
☐ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

North Central Narc. Task Force
Attn: Scott Stewart
PO Box 1534
Greenwood MS 38935

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☐ Agent
                     ☐ Addressee
B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☑ Certified Mail®        ☐ Priority Mail Express™
☐ Registered            ☑ Return Receipt for Merchandise
☐ Insured Mail          ☐ Collect on Delivery
4. Restricted Delivery? (Extra Fee)             ☐ Yes

2. Article Number
   (Transfer from service label)        7013 2250 0000 0480 0149

PS Form 3811, July 2013          Domestic Return Receipt

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

Postage            $        $0.48
Certified Fee
Return Receipt Fee
(Endorsement Required)
Restricted Delivery Fee
(Endorsement Required)
Total Postage & Fees   $        $6.44          02/09/2015

Sent To  North. Central Narc. Task Force - Scott Stewart
Street, Apt. No.;
or PO Box No.   PO Box 1534
City, State, ZIP+4   Greenwood MS 38935

**SENDER: COMPLETE THIS SECTION**

☑ Complete items 1, 2, and 3. Also complete
   item 4 if Restricted Delivery is desired;
☐ Print your name and address on the reverse
   so that we can return the card to you.
☐ Attach this card to the back of the mailpiece,
   or on the front if space permits.

1. Article Addressed to:

North Central Narcotics Task Force
Attn: William Nevels
PO Box 1534
Greenwood MS 38935

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____     ☐ Agent
                       ☐ Addressee

B. Received by (Printed Name)      C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☑ Certified Mail®        ☐ Priority Mail Express™
   ☐ Registered             ☑ Return Receipt for Merchandise
   ☐ Insured Mail           ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)            ☐ Yes

2. Article Number
   (Transfer from service label)

7013 2250 0000 0480 0170

PS Form 3811, July 2013              Domestic Return Receipt



**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $   $6.44 |

Sent To: Claiborne County Sheriff's office
Street, Apt. No.; or PO Box No. 410 Main St
City, State, ZIP+4 Port Gibson MS 39150

7013 2250 0000 0480 0174

Nov 13 15 04:49p        Geri Grady                          601-638-4844                    p.24

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

North Central Narcotics Task Force
Attn: Mario Grady
PO Box 1534
Greenwood MS 38935

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
                   ☐ Addressee
B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

FEB 19 2015

3. Service Type
   ☑ Certified Mail®       ☐ Priority Mail Express™
   ☐ Registered            ☐ Return Receipt for Merchandise
   ☐ Insured Mail          ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)    7013 2250 0000 0480 0187

PS Form 3811, July 2013          Domestic Return Receipt

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

7013 2250 0000 0480 0187

Sent To
North Central Narcotics Task Force
Street, Apt. No.; or PO Box No.  PO Box 1534
City, State, ZIP+4  Greenwood MS 38935

PS Form 3800, August 2006          See Reverse for Instructions

Nov 13 15 04:49p      Geri Grady                    601-638-4844                    p.25



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

North Central Narc. Task Force
Attn: Cory Weatherspoon
PO Box 1534
Greenwood MS 38935

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent
B. Received by ( Printed Name )   ☐ Addressee
C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7013 2250 0000 0480 0163

PS Form 3811, February 2004       Domestic Return Receipt       102595-02-M-1540

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

Postage   $
Certified Fee
Return Receipt Fee
(Endorsement Required)
Restricted Delivery Fee
(Endorsement Required)

Total Postage & Fees   $

7013 2250 0000 0480 0163

Sent To
North Cent. Narc. Task Force
Street, Apt. No.;
or PO Box No.   PO Box 1534
City, State, ZIP+4   Greenwood MS 38935