## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF MISSISSIPPI
## WESTERN DIVISION

**ROBERT FRANKLIN AND SHANNON**
**O'QUINN FRANKLIN, EACH INDIVIDUALLY**
**AND EACH ON BEHALF OF LARRY D. MAYS,**
**A MINOR CHILD**                                                    **PLAINTIFFS**

**V.**                                         **CAUSE NO. 5:15-CV-120-DCB-MTP**

**NORTH CENTRAL NARCOTICS TASK FORCE;**
**CLAIBORNE COUNTY, MISSISSIPPI; MARIO GRADY,**
**IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES;**
**CORY WEATHERSPOON, IN HIS OFFICIAL AND**
**INDIVIDUAL CAPACITIES, SCOTT STEWART,**
**IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES,**
**WILLIAM NEVELS, IN HIS OFFICIAL AND**
**INDIVIDUAL CAPACITIES; MICHAEL WELLS,**
**IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES;**
**AND DOE DEFENDANTS 1-10**                                  **DEFENDANTS**

## ANSWER AND AFFIRMATIVE DEFENSES

**COMES NOW** Defendant, William Nevels (Individually and Officially), by and through

counsel, and files this his Answer and Affirmative Defenses to the Plaintiffs' Complaint.

## FIRST AFFIRMATIVE DEFENSE

*(Motion to Dismiss - §1983 Claim)*

The Complaint fails to state a cause of action as to this Defendant for which relief may be

granted, including, but not limited to, the defense of qualified immunity as this office merely assisted

an outside law enforcement agency with the execution of a warrant.  Moreover, this Defendant is a

sworn law enforcement officer of the City of Indianola Police Department.  He is not a policy maker

under state law.   The former task force entity is not a cognizable entity under federal law and it is

improper to name him in his official capacity whether that be on behalf of the disbanded task force entity or the municipality where he is employed.  Plaintiffs' Complaint should accordingly be dismissed as to this Defendant, individually and officially.  Defendant prays for an early determination of this issue in the interest of judicial economy.

## SECOND AFFIRMATIVE DEFENSE

*(Motion to Dismiss State Law Claims)*

Plaintiffs' Complaint and all claims under state law, if any, asserted therein are barred under the provisions of the <u>Mississippi Tort Claims Act</u>, *Miss. Code Ann.* §11-46-1 (Supp. 1997), *et seq*. There are no individual capacity claims under the MTCA as provided in Miss. Code Ann. §§11-46-5 and §11-46-7, and the individual capacity statute of limitations has long expired.   Wherefore, Defendant moves for dismissal of Plaintiffs' state law claims pursuant to *Fed. R. Civ. P*.12 (b)(6). Defendant prays for an early determination of this issue in the interest of judicial economy.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim upon which relief may be granted against any Defendant.

## FOURTH AFFIRMATIVE DEFENSE

Defendant asserts the protections of the Mississippi apportionment statute, *Miss. Code Ann.* §85-5-7 (Supp 2003).  To the extent that Plaintiffs suffered injury as a result of the tortious act of one other than these Defendants or as a result of their own fault, either Plaintiffs or the responsible party should be assessed all or a portion of the responsibility for any injury/damages occasioned thereby based upon the principles of comparative negligence/contributory negligence, and any recovery to which Plaintiffs would otherwise have been entitled must be reduced in accordance therewith.

## FIFTH AFFIRMATIVE DEFENSE

This individual Defendant is entitled to qualified immunity from Plaintiffs' claims against him.   At no time did this Defendant engage in any conduct which deprived the Plaintiffs of any right, privilege nor immunity protected by the Constitution or Laws of the United States. Additionally, this Defendant's conduct was objectively reasonable in light of clearly established law at the time of their actions in this matter.   This Defendant's actions were justified and arguably justifiable in light of the information they possessed and clearly established law.   As such, a reasonable officer could have believed his actions lawful during the incident forming the basis of this lawsuit.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' failure to allege violation of any duty by Defendants bars this cause of action.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred under the doctrine of independent, intervening cause and/or efficient superseding cause.

## EIGHTH AFFIRMATIVE DEFENSE

The Plaintiffs' Complaint fails as a matter of law based upon the absence of a violation of a right, clearly established under the United States Constitution.   Specifically, there is no constitutional cause of action arising from a case of mistaken arrest pursuant to a warrant.

## NINTH AFFIRMATIVE DEFENSE

The instant claim fails to state a claim upon which relief may be granted because there is no medical evidence to establish substantial harm or otherwise show cognizable injury to Plaintiffs which was caused by any Defendant and (on information and belief) all property damages were paid

3

in full.

### TENTH AFFIRMATIVE DEFENSE

This Defendant is not responsible for any condition of the Plaintiffs that pre-existed the events that made the basis of this Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

At no time did any governmental actor acting on behalf of Defendants breach any duty that was ministerial in nature, causing any legally cognizable harm to Plaintiffs, and for that reason, Plaintiffs' claims are barred.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the running of the applicable statute of limitations, laches, waiver, estoppel, *res judicata*, administrative collateral estoppel, judicial estoppel, assumption of risk and the doctrine of unclean hands.

### THIRTEENTH AFFIRMATIVE DEFENSE

**AND, NOW,** having asserted their affirmative defenses to the Complaint filed herein, and without waiving any such defenses, this Defendant answers the allegations of Plaintiffs' Complaint as follows:

1.    Denied.   This action may be properly heard in and dismissed with prejudice in its current federal forum.

2.    Denied.   This action may be properly heard in and dismissed with prejudice in its current federal forum.

3.    Denied.   This action may be properly heard in and dismissed with prejudice in its current federal forum.

4.      Denied.

5.      The allegations of Paragraph 5 of the Complaint do not apply to this Defendant and require no answer.

6.      The allegations of Paragraph 6 of the Complaint do not apply to this Defendant and require no answer.

7.      The allegations of Paragraph 7 of the Complaint do not apply to this Defendant and require no answer.

8.      The allegations of Paragraph 8 of the Complaint do not apply to this Defendant and require no answer.

9.      The allegations of Paragraph 9 of the Complaint do not apply to this Defendant and require no answer.

10.     The allegations of Paragraph 10 of the Complaint do not apply to this Defendant and require no answer.

11.     Admitted.

12.     The allegations of Paragraph 12 of the Complaint do not apply to this Defendant and require no answer.

13.     The allegations of Paragraph 13 of the Complaint do not apply to this Defendant and require no answer.

14.     Denied.

15.     Denied.

16.     Denied.

17.     Denied.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied..

38.     Denied.

39.     Denied.

40.    Denied.

41.    Denied.

42.    Denied.

43.    Denied.

44.    Denied.

45.    Denied.

46.    Denied.

47.    Denied.

48.    Denied.

49.    Denied.

50.    Denied.

51.    Denied.

52.    Denied.

53.    Denied.

54.    Denied.

55.    Denied.

56.    Denied.

57.    Denied.

58.    Denied.

59.    Denied.

60.    Denied.

61.    Denied.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Denied.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Denied.

89.     Denied.

**AND NOW, HAVING FULLY ANSWERED** and asserted their Affirmative Defenses, the Defendant prays that this Court grant the following relief:

A)      That this Court dismiss Plaintiffs' Complaint with prejudice, based upon each and all of the aforesaid Affirmative Defenses, including, but not limited to, applicability of the statutory exemptions from liability as set forth in the Mississippi Tort Claims Act;

B)      That this Court deny Plaintiffs the relief prayed for in Plaintiffs' prayer for relief, and that Plaintiffs be denied any relief whatsoever;

C)      That this Court award this Defendant its attorney fees, costs and expenses associated with the defense of the instant civil action pursuant to Rule 11, *Federal Rules of Civil Procedure* and The Mississippi Litigation Accountability Act of 1988, and *Miss. Code Ann.* §11-1-54 (2003).

**RESPECTFULLY SUBMITTED** this the 18th day of December, 2015.

**GRIFFITH & CARR**

By: **/s/ *Daniel J. Griffith***
Daniel J. Griffith, MS Bar No. 8366
Attorney for Defendant, William Nevels

9

Of Counsel:

**GRIFFITH & CARR**
123 South Court Street
P. O. Drawer 1680
Cleveland, MS 38732
Phone No. 662-843-6100
Fax No. 662-843-8153
Email: danny@griffithcarr.com

## CERTIFICATE OF SERVICE

    I, Daniel J. Griffith, counsel for Defendant, William Nevels, in the above case, do hereby certify that I have this day caused a true and correct copy of the above and foregoing *Answer and Affirmative Defenses* to be delivered by ECF filing system to:

> Thomas J. Bellinder, Esq.
> BELLINDER LAW FIRM
> Pinnacle at Jackson
> 190 E. Capitol Street, Suite 460
> Jackson, MS 39201
> **Attorney for Plaintiffs**
>
> Bradford Blackmon, Esq.
> Blackmon & Blackmon., PLLC
> 907 E. Peace Street
> Canton, MS 39046
>
> Laura Rose, Esq.
> Adams & Reese, LLP
> 1018 Highland Colony Parkway, Suite 800
> Ridgeland, MS 39157
> **Attorney for Claiborne County, Mississippi & Michael Wells**
>
> Tommy Whitfield, Esq.
> Whitfield Law Group, PLLC
> 660 Lakeland East, Suite 200
> Flowood, MS 39232
> **Attorney for Mario Grady**

    **FILED** this 18th day of December, 2015.

                /s/ *Daniel J. Griffith*
                Daniel J. Griffith