IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

| | |
|---|---|
| ROBERT FRANKLIN AND SHANNON O'QUINN FRANKLIN, EACH INDIVIDUALLY AND EACH ON BEHALF OF LARRY D. MAYS, A MINOR CHILD | PLAINTIFFS |
| V. | CIVIL ACTION NO. 5:15CV120 |
| NORTH CENTRAL NARCOTICS TASK FORCE; CLAIBORNE COUNTY, MISSISSIPPI; MARIO GRADY, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES; CORY WEATHERSPOON, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES; SCOTT STEWART, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES; WILLIAM NEVELS, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES; MICHAEL WELLS, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES; AND DOE DEFENDANTS 1-10 | DEFENDANTS |

## RULE 12(b)(6) MOTION TO DISMISS

COME NOW Defendants Claiborne County, Mississippi; Mario Grady, in his official and individual capacities; Cory Weatherspoon, in his official and individual capacities; and Michael Wells, in his official and individual capacities (collectively "Defendants"), and file this partial Motion to Dismiss Plaintiffs' Complaint for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). In support thereof, Defendants would show unto the Court as follows:

1. Plaintiffs originally filed this lawsuit in the Circuit Court of Claiborne County, Mississippi, on June 1, 2015. Defendants timely removed the litigation to this Court on December 11, 2015.

*40535469*

2. Plaintiffs assert numerous claims under 42 U.S.C. § 1983 and state law. The claims stem from Plaintiffs' allegations that Defendants "physically accosted" Plaintiff Larry D. Mays on March 20, 2014. The alleged events occurred during the execution of a search warrant.

3. As explained in the Memorandum in Support filed concurrently with this Motion, numerous of Plaintiffs' claims fail to set forth a plausible claim for relief and cannot survive this Motion to Dismiss.

4. Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant is entitled to have a case filed against it dismissed if the plaintiff "fail[s] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A dismissal pursuant to Rule 12(b)(6) is "appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" *True v. Robles*, 571 F.3d 412 (5th Cir. 2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555, 570) (2007)). Basic to this premise is the notion that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is deemed to be plausible on its face if the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A plaintiff is required to plead more than the mere possibility that the defendant acted unlawfully in order to survive a motion to dismiss. *Id.* Instead, a plaintiff must plead facts that are sufficient enough to state a plausible claim for relief in order to survive a motion to dismiss. *Id.* at 1949.

7. A Rule 12(b)(6) motion seeks to dismiss claims on the basis of a "dispositive issue of law." *Brown v. Crawford County, Ga.*, 960 F.2d 1002 (11th Cir. 1992)*Brown v.*

*Crawford County, Ga.*, 960 F.2d 1002, 1010 (11th Cir. 1992). In other words, Rule 12(b)(6) tests the legal sufficiency of the pleadings. 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1356, at 294 (1990). The rule serves the tantamount purpose of "allowing the court to eliminate actions that are fatally flawed in their legal premises and destined to fail, and thus to spare litigants the burdens of unnecessary pretrial and trial activity." *Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)).

8. For the reasons detailed in Defendants' Memorandum in Support filed concurrently with this Motion, many of Plaintiff's claims, are "fatally flawed" and "destined to fail" and, therefore, must be dismissed with prejudice.

9. Defendants incorporate herein all arguments and authorities cited in its Memorandum in Support.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that this Court dismiss Plaintiffs' insufficiently plead causes of action asserted against them with prejudice. Defendants also seek any and all other and further relief that this Court deems appropriate.

Respectfully submitted, this the 18th day of December, 2015.

**CLAIBORNE COUNTY, MISSISSIPPI, MICHAEL WELLS, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES, MARIO GRADY, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES, AND CORY WEATHERSPOON, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES**

By: /s/ Laura F. Rose
One of Their Attorneys

*40535469*

OF COUNSEL:
Laura F. Rose (MSB # 102256)
Jessica Morris (MSB # 101891)
Adams and Reese LLP
1085 Highland Colony Parkway
Ridgeland, MS 39157
Phone: (601) 353-3234
Facsimile: (601) 355-9708
laura.rose@arlaw.com
Jessica.morris@arlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following and mailed via U.S. mail to the following:

Thomas J. Bellinder
Thomas J. Bellinder, P.A.
232 Market St.
Second Floor
Flowood, MS 39232

Daniel J. Griffith
Griffith & Carr
P. O. Drawer 1680
Cleveland, MS 38732

Tommy Whitfield
Whitfield Law Group, PLLC
660 Lakeland East, Suite 200
Flowood, MS 39232

Dated: December 18, 2015.

/s/ Laura F. Rose
Laura F. Rose

*40535469*