```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        WESTERN DIVISION


ROBERT FRANKLIN AND SHANNON O'QUINN FRANKLIN,
EACH INDIVIDUALLY AND EACH ON BEHALF OF
LARRY D. MAYS, A MINOR CHILD                              PLAINTIFFS

VS.                             CIVIL ACTION NO. 5:15-cv-120(DCB)(MTP)

NORTH CENTRAL NARCOTICS TASK FORCE;
CLAIBORNE COUNTY, MISSISSIPPI; MARIO GRADY,
IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES;
CORY WEATHERSPOON, IN HIS OFFICIAL AND INDIVIDUAL
CAPACITIES; SCOTT STEWART, IN HIS OFFICIAL AND
INDIVIDUAL CAPACITIES; WILLIAM NEVELS, IN HIS
OFFICIAL AND INDIVIDUAL CAPACITIES; THE CLAIBORNE
COUNTY SHERIFF'S DEPARTMENT AND MICHAEL WELLS,
IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES; AND
DOE DEFENDANTS 1-10                                       DEFENDANTS
```

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the plaintiffs' motion to remand **(docket entry 5);** on a motion for partial dismissal by defendants Claiborne County, Mississippi; Mario Grady in his official and individual capacities; Cory Weatherspoon in his official and individual capacities; and Michael Wells in his official and individual capacities **(docket entry 10);** and on motion by defendants Grady, Weatherspoon and Wells, in their individual capacities, to require the plaintiffs to file a motion to require plaintiff to file a Rule 7(a) reply **(docket entry 32).** Having carefully considered the parties' briefs and the applicable law, the Court finds as follows:

On or about June 10, 2015, the plaintiffs filed a civil action

in the Circuit Court of Claiborne County, Mississippi against the defendants named herein, asserting claims and seeking recovery of damages for injuries sustained at the hands of defendants at the plaintiffs' home in Claiborne County, Mississippi.  The defendants timely removed the action to federal court.  In their motion to remand, the plaintiffs contend that "concurrent jurisdiction enables the state court to apply the federal law; removing the action to the federal court encroaches on the state court's jurisdiction because there is no necessity for it to be held there."  Motion to Remand, ¶ 4.  In response, the defendants state that this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because the plaintiffs assert questions of federal law.  Specifically, the plaintiffs bring 42 U.S.C. § 1983 claims under the Fourth and Fourteenth Amendments of the United States Constitution.  The Court finds that it has original jurisdiction over the plaintiffs' claims and that removal is proper under § 1441(a).  The plaintiffs' motion to remand shall therefore be denied.

Defendants Grady, Weatherspoon and Wells (joined by defendant William Nevels)[1], in their official and individual capacities, move for partial dismissal pursuant to Fed.R.Civ.P. 12(b)(6)(failure to state a claim upon which relief can be granted).

---

[1] Apparently, there has been no service of process on defendant Scott Stewart by the plaintiffs.

In their Complaint, the plaintiffs allege that on March 20, 2014, plaintiff Larry D. Mays was physically accosted by members of the North Central Narcotics Task Force[2] and the Claiborne County Sheriff's Department at his home in Port Gibson, Mississippi. Complaint, ¶ 15. The plaintiffs allege that "individuals including Mario Grady, Cory Weatherspoon, Scott Stewart, William Nevels, and Michael Wells came into [plaintiffs'] home, snatched Larry D. Mays out of his bed, threw him to the ground, put their feet/knees on his back and held him at gunpoint." Id. It is further alleged that Mays suffered a seizure immediately after the Task Force left his home, and that he has suffered seizures "at an increased rate since the time of this incident." Id. at ¶ 16. The plaintiffs include Mays' parents, who allege that the "emotional and psychological trauma caused by the injuries sustained by Larry D. Mays directly and proximately affects all of the Plaintiffs." Id. at ¶ 21.

The plaintiffs allege the following causes of action pursuant to 42 U.S.C. § 1983 and under the Fourth and Fourteenth Amendments: unreasonable search and seizure, deprivation of life without due

---

[2] The North Central Narcotics Task Force is named as a party defendant in the plaintiffs' Complaint. However, the Task Force is not an entity pursuant to Mississippi law, and was only formed through an interlocal agreement between various counties and cities. Because it is not a legal entity, and is no longer in existence, its joinder is neither possible nor necessary. See Harris v. Jackson County, Mississippi, 2015 WL 1427412, *1 (March 27, 2015).

process, and deprivation of liberty without due process (Complaint, ¶ 25); failure by the defendants to implement appropriate policies, customs and practices concerning use of excessive force, provision of adequate medical care, and provisions for individuals with special needs; willful ignorance as to complaints about processes and procedures utilized by the defendants in investigations, and lack of proper care (Complaint, ¶ 30); and deliberate indifference to the plaintiffs' rights to be free from unreasonable seizures (Complaint, ¶ 31).  In addition, the Complaint alleges reckless disregard (¶¶ 33-36), negligence and negligence per se (¶¶ 37-43), gross negligence (¶¶ 44-45), negligent hiring, retention, supervision and control (¶¶ 46-47), res ipsa loquitur (¶¶ 48-53), respondeat superior (¶¶ 54-55), agency (¶¶ 56-57), negligent infliction of emotional distress (¶¶ 58-62), breach of a non-delegable fiduciary duty (¶¶ 63-64), the common law tort of outrage (¶¶ 65-67), negligent failure to discipline or take necessary corrective action (¶¶ 68-72), civil conspiracy (¶¶ 73-75), and abuse of process (¶¶ 76-79).

In order to survive a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a complaint must state a plausible claim for relief. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2008).  To state such a claim, a plaintiff's complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544,

555 (2007). Rather, plaintiffs must allege facts sufficient to "nudge ... their claims across the line from conceivable to plausible. Id. at 570. Under this standard, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" and "[d]oes not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 129 S.Ct. at 1949-50. If the allegations of a complaint do not state plausible claims supported by specific facts, dismissal is proper.

Pursuant to Fed.R.Civ.P. 12(b)(6), a defendant is entitled to have a case filed against it dismissed if the plaintiff "fail[s] to state a claim upon which relief can be granted." A dismissal pursuant to Rule 12(b)(6) is "appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" True v. Robles, 571 F.3d 412 (5th Cir. 2009)(quoting Twombly, 550 U.S. at 555, 570). Basic to this premise is the notion that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570). A claim is deemed to be plausible on its face if the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

Id. (quoting Twombly, 550 U.S. at 556). A plaintiff is required to plead more than the mere possibility that the defendant acted unlawfully in order to survive a motion to dismiss. Id. Instead, a plaintiff must plead facts that are sufficient enough to state a plausible claim for relief in order to survive a motion to dismiss. Id. at 1949.

Rule 12(b)(6) serves the tantamount purpose of "allowing the court to eliminate actions that are fatally flawed in their legal premises and destined to fail, and thus to spare litigants the burdens of unnecessary pretrial and trial activity." Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc., 988 F.2d 1157, 1160 (Fed. Cir. 1993)(citing Neitzke v. Williams, 490 U.S. 319, 326-27 (1989)).

In Mississippi, every state law tort claim asserted against a governmental entity is guided by the Mississippi Tort Claims Act ("MTCA"). See City of Jackson v. Sutton, 797 So.2d 977, 980 (Miss. 2001); Lang v. Bay St. Louis/Waveland Sch. Dist., 764 So.2d 1234, 1236 (Miss. 1999). In particular, the State of Mississippi and its political subdivisions enjoy absolute sovereign immunity from suit at law or in equity arising out of any wrongful or tortious conduct of the governmental entity or its employees. Miss. Code Ann. § 11-46-3. The MTCA waives the sovereign immunity of governmental entities only in certain circumstances - but retains immunity in others - and provides the exclusive means through which an

action may be brought against a governmental entity as a result of such waiver. Id. at §§ 11-46-5, 11-46-7, 11-46-9; Wang v. Tang, 828 So.2d 785, 791 (Miss. 2002). The MTCA requires plaintiffs to advance state-law tort claims against the employees of a governmental entity, in their official, representative capacities:

> An employee may be joined in an action against a governmental entity in a representative capacity if the act or omission complained of is one for which the governmental entity may be liable, but no employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties.

Miss. Code Ann. § 11-46-7(2). When a suit is properly maintained under the MTCA, it proceeds like any other action, id. at § 11-46-11(1), and is subject to the same procedural laws and rules as any other action.

Under the municipal liability doctrine, defendant Claiborne County cannot be held vicariously liable for the actions of its individual defendant employees with respect to § 1983 claims. The theory of respondeat superior does not apply in § 1983 actions against municipalities and other political subdivisions such as counties. Monell v. Dept. of Soc. Servs., 436 U.S. 658, 694 (1978); Worsham v. City of Pasadena, 881 F.2d 1336, 1339 (5th Cir. 1989). Like municipalities, counties cannot be sued under § 1983 unless a plaintiff sufficiently demonstrates injury from an official policy or custom, as distinguished from mere tortious conduct. See, e.g., Beattie v. Madison Cnty. Sch. Dist., 254 F.3d

595, 600 n.2 (5th Cir. 2001). In order to properly assert municipal liability under § 1983, the plaintiffs must allege "(1) a policymaker, (2) an official policy, and (3) a violation of constitutional rights whose 'moving force' is the policy or custom." Doe v. Covington Cnty. Sch. Dist., 675 F.3d 849, 867-68 (5th Cir. 2012).

In this case, the plaintiffs' claims under § 1983 are legally insufficient because they offer only vague and conclusory allegations. "Only upon a demonstration of a policy or custom to violate the constitution, which is not to be confused with proof of policies supporting tortious conduct, can the municipality be held liable under section 1983." Brown v. City of Hazlehurst, 741 So.2d 975, 981 (Miss. App. 1999). The Brown court further emphasized that a policy or custom must be identified with specificity:

> [A] plaintiff must allege that the custom or policy served as the moving force behind the constitutional violation, or that her injuries resulted from the execution of the official policy or custom. The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

Id. at 981.

Absent injuries caused by an illegal custom or policy, a governmental entity is immune from liability. Williams v. Lee Cnty. Sheriff's Dept., 744 So.2d 286, 298-99 (Miss. 1999). To qualify as a custom or policy, the practice must have occurred for so long, or so frequently, that the course of conduct warrants the

8

attribution to the governing body of knowledge that the objectionable conduct is the expected, accepted practice. Webster v. City of Houston, 735 F.2d 838, 842 (5th Cir. 1984). The plaintiffs have not set forth specific facts that demonstrate any long-standing official custom or policy created by the County that violates the constitution. The defendants' motion to dismiss is therefore well-taken as to the plaintiffs' § 1983 claims against Claiborne County.

The Court now turns to the plaintiffs' state law claims.

1. Negligent Hiring and Related Allegations

The plaintiffs allege "negligent hiring, retention, supervision, and/or control," Complaint, ¶ 47, and separately allege "negligent ... failure to discipline or to take ... necessary corrective action." Id., ¶ 72. These separate counts are duplicative and shall be addressed jointly. See Jordan v. Premier Entertainment Biloxi, LLC, 2014 WL 5773762, *5 (S.D. Miss. Nov. 6, 2014). The plaintiffs' claim is barred by immunity provisions in the MTCA and/or failure to plead with particularity. The MTCA provides that a governmental entity shall not be liable for, inter alia, any claim "[a]rising out of the exercise of discretion in determining ... the hiring of personnel...." Miss. Code Ann. § 11-46-9(1)(g). The plaintiffs are precluded from holding the defendants liable for discretionary hiring decisions,

and this claim must be dismissed.

In addition, with regard to the plaintiffs' failure to hire claim, Miss. Code Ann. § 11-46-9(1)(d) provides that a governmental entity shall not be liable for any claim "[b]ased upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof whether or not the discretion is abused."  To determine the applicability of this exemption, the court examines "(1) whether the activity involved an element of choice or judgment, and if so; (2) whether the choice or judgment in supervision involves social, economic or political policy alternatives."  City of Jackson v. Powell, 917 So.2d 59, 73 (Miss. 2005)(internal quotations and citations omitted).  Specifically, the Powell Court stated:

> There is no doubt that the choice to employ and the manner of supervision of police officers does affect public policy, and the make-up of the police force inherently affects the social policy of a city.  The manner in which the police department supervises, disciplines and regulates its police officers is a discretionary function of the government and thus the city is immune to suit under § 11-46-9(1)(d).

Id. at 74.

Those defendants who were required to make decisions regarding the employment, supervision, assignments, training, and retention of officers were undoubtedly exercising a discretionary function that affects public and social policy.  The Mississippi Supreme Court has clearly held that "[a] duty is discretionary if it

requires [an] official to use her own judgment and discretion in the performance thereof." L.W. v. McComb Sep. Mun. Sch. Dist., 754 So.2d 1136, 1141 (Miss. 1999)(citing Pearl Pub. Sch. Dist. v. Groner, 784 So.2d 911, 914 (Miss. 2001).  Thus, discretionary immunity is appropriate, and the plaintiffs' negligent hiring and related claims must be dismissed.  As further grounds for dismissal, the plaintiffs' claims are too ambiguous, failing to name or describe those defendants who allegedly failed to train or supervise, and failing to articulate facts giving rise to a claim for prima facie negligence, i.e. they have not alleged any facts to show duty, breach of duty, causation, or negligence.  See Paz v. Brush Engineered Materials, Inc., 949 So.2d 1, 3 (Miss. 2007).

2. Breach of Fiduciary Duty

The plaintiffs allege, under their "Breach of Non-Delegable Fiduciary Duty" count:

> The failure and/or refusal of the Defendants (including agents, employees, and/or independent contractors of the aforementioned in their official capacities as well as other unknown entities, business, parent companies, corporations, and etc.) to prevent the injuries sustained by the Plaintiffs, at a time when the same was absolutely essential, constituted a breach of a non-delegable and/or fiduciary duty owed to the Plaintiffs and other persons similar[ly] situated.

Complaint, ¶ 64.  The plaintiffs fail to identify any duty owed them by the defendants, and fail to specify which defendants owed them the unspecified duty.  Mississippi law is well-settled that in

order to establish a claim for breach of fiduciary duty, plaintiffs must first establish a duty. Mabus v. St. James Episcopal Church (Mabus I), 884 So.2d 747, 758 (Miss. 2004); Mabus v. St. James Episcopal Church (Mabus II), 13 So.3d 260 (Miss. 2009). The plaintiffs must also prove the fiduciary duty by clear and convincing evidence. AmSouth Bank v. Gupta, 838 So.2d 205, 216 (Miss. 2002). Inasmuch as the plaintiffs have failed to plead a fiduciary relationship, their claim must be dismissed.

3. Common Law Tort of Outrage

The plaintiffs claim for "the common law tort of outrage" (Complaint, ¶¶ 65-67) is simply a claim for intentional infliction of emotional distress. See Jones v. Jackson State Univ., 2008 WL 682411, *5 (S.D. Miss. March 7, 2008); Bombardier Capital, Inc. v. Royer Homes of Mississippi, Inc., 2006 WL 1328907, *3 n.2 (S.D. Miss. May 15, 2006). The alleged events giving rise to this claim occurred on March 20, 2014, and the plaintiffs' Complaint was filed on June 1, 2015. Accordingly, this claim is barred by Mississippi's one-year statute of limitations. Jones v. Flour Daniel Serv. Corp., 32 So.3d 417, 422 (Miss. 2010).

4. Civil Conspiracy

The plaintiffs allege a state law claim for "civil conspiracy," claiming that the defendants conspired "to commit and

12

cover up the wrongs complained of herein." Complaint, ¶¶ 74-75. The Mississippi Supreme Court has stated that a civil conspiracy is an agreement among "a combination of persons for the purpose of accomplishing an unlawful purpose or a lawful purpose unlawfully." Shaw v. Burchfield, 481 So.2d 247, 255 (Miss. 1985), citing Mississippi Power & Light Co. v. Coldwater, 106 So.2d 375, 381 (1958); see also Ryals v. Pigott, 580 So.2d 1140, 1156 (Miss. 1990). Civil conspiracy resulting in damage may give rise to a right of recovery. Baily v. Richards, 111 So.2d 402, 407-08 (1959).

The elements of a civil conspiracy are: (1) two or more persons or corporations; (2) an object to be accomplished; a meeting of the minds on the object or course of action; (4) one or more unlawful acts; and (5) damages as the proximate result. Gallagher Bassett Servs., Inc. v. Jeffcoat, 887 So.2d 777, 786 (Miss. 2004). The plaintiffs fail to name any co-conspirators, and fail to allege facts to support the remaining elements of a civil conspiracy. This claim must therefore be dismissed.

5. Abuse of Process

The Mississippi Supreme Court has defined the tort of abuse of process:

> The action of abuse of process consists in the misuse or misapplication of a legal process to accomplish some purpose not warranted or commanded by the writ. It is the malicious perversion of a regularly issued civil or

13

>criminal process, for a purpose and to obtain a result not lawfully warranted or properly attainable thereby, and for which perversion an action will lie to recover the pecuniary loss sustained .... This Court has stated that the crucial element of this tort is the intent to abuse the privileges of the legal system.

Ayles ex rel. Allen v. Allen, 907 So.2d 300, 303 (Miss. 2005); see also Coleman v. Smith, 914 So.2d 807, 812 (Miss. App. 2005). The Mississippi Supreme Court has long classified this cause of action as "malicious." State for Use and Benefit of Foster v. Turner, 319 So.2d 233, 236 (Miss. 1975); Moon v. Condere Corp., 690 So.2d 1191, 1197 (Miss. 1997).

Since the plaintiffs allege that the underlying events took place on March 20, 2014, and their complaint was filed on June 1, 2015, this claim is barred by the statute of limitations and must be dismissed.

6. Negligent Infliction of Emotional Distress

Under Mississippi law, the plaintiffs cannot recover emotional distress damages for merely negligent conduct absent showing some physical injury. "There can be no recovery for mental pain and suffering from the mere negligent act of another unaccompanied by physical or bodily injury." Franklin Collection Servs., Inc. v. Kyle, 955 So.2d 284, 290 (Miss. 2007)(quoting Sears, Roebuck & Co. v. Devers, 405 So.2d 898, 902 (Miss. 1981). The only plaintiff alleging negligence accompanied by physical or bodily injury is Larry D. Mays. Therefore, plaintiffs Robert Franklin and Shannon

14

Franklin's claims must be dismissed, and only plaintiff Mays' claim for negligent infliction of emotional distress survives the motion to dismiss.

### 7. Negligence Per Se

"Negligence per se is founded on the violation of a statutory standard, usually a penal one." Moore v. K & J Enter., 856 So.2d 621, 624 (Miss. App. 2003). To prevail on such a claim, a "plaintiff must show that: (1) he is a member of the class sought to be protected under the statute; (2) that his injuries were of a type sought to be avoided by the statute; and (3) that the violation of the statute proximately caused or contributed to his injuries." Id., citing Brennan v. Webb, 729 So.2d 244, 249 (Miss. App. 1998). The plaintiffs' claim for negligence per se fails as a matter of law because they have not identified a statute or regulation that was allegedly violated; therefore, there is no basis for liability for negligence per se and this claim must be dismissed.

### 8. Damages

The plaintiffs' Complaint also includes a specific demand for punitive damages, prejudgment interest, and attorney's fees (Complaint, ¶¶ 84, 86), none of which are allowed under the MTCA. Miss. Code Ann. § 11-46-15(2). Therefore, the plaintiffs are not

entitled to punitive damages, prejudgement interest or attorney's fees.

### 9. Res Ipsa Loquitur, Respondeat Superior, Agency, and Reckless Disregard

Several of the plaintiffs' purported causes of action do not exist under Mississippi law, but are instead theories or elements potentially related to other counts in the Complaint. To the extent that the plaintiffs offer these as separate claims, they shall be dismissed.

Defendants Mario Grady, Michael Wells, and Cory Weatherspoon, in their individual capacities, also move to require the plaintiffs to file a Rule 7(a) reply pursuant to Schultea v. Wood, 47 F.3d 1427 (5th Cir. 1995)(en banc), and for a stay of discovery.

The plaintiffs allege constitutional violations against the individual defendants pursuant to 18 U.S.C. § 1983. The defendants plead qualified immunity as a defense. Because qualified immunity aims to limit officials' involvement in discovery, the Fifth Circuit has repeatedly held that a plaintiff suing a public employee in his individual capacity must satisfy heightened pleading requirements. Elliott v. Perez, 751 F.2d 1472 (5th Cir. 1985)(abrogated on other grounds by Leatherman v. Tarrant County

Narcotics Intelligence and Coordination Unit, 507 U.S. 163 (1993)).[3]

When an official pleads qualified immunity as a defense, the district court may require the plaintiff to reply to that defense in detail, using the reply procedure outlined in Rule 7(a) of the federal rules. Schultea, 47 F.3d at 1433. "By definition, the reply must be tailored to the assertion of qualified immunity and fairly engage its allegations." Id.

The Court finds that in this case greater detail is necessary to perform the qualified immunity analysis. The plaintiffs have not identified the specific constitutional violations allegedly committed by each individual defendant, nor explained which of the plaintiffs suffered the particular violations asserted in the Complaint. In addition, the Court finds that, pending the plaintiffs' filing of such a reply and the resolution of qualified immunity issues remaining after the reply is filed, discovery in this case should be stayed. The Schultea Court emphasized that a district court "need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts." 47 F.3d

---

[3] The Fifth Circuit explicitly confirmed in Schultea that the heightened pleading standard articulated in Elliott survived the Supreme Court's holding in Leatherman. 47 F.3d at 1430.

at 1434.  The plaintiffs here have not done so.  They shall therefore be ordered to file a Rule 7(a) reply pursuant to Schultea, and discovery shall be stayed pending resolution of the qualified immunity issues remaining after the reply is filed.

    Accordingly,

    IT IS HEREBY ORDERED that the plaintiffs' motion to remand **(docket entry 5)** is DENIED;

    FURTHER ORDERED that the defendants' motion for partial dismissal **(docket entry 10)** is GRANTED as set forth hereinabove;

    FURTHER ORDERED that the defendants' motion to require the plaintiffs to file a Rule 7(a) reply **(docket entry 32)** is GRANTED;

    FURTHER ORDERED that discovery shall be stayed pending resolution of the qualified immunity issues remaining after the reply is filed.

    SO ORDERED, this the 7th day of July, 2016.

                                       /s/ David Bramlette
                                       UNITED STATES DISTRICT JUDGE