```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    WESTERN DIVISION

ROBERT FRANKLIN AND SHANNON O'QUINN FRANKLIN,
EACH INDIVIDUALLY AND ON BEHALF OF
LARRY D. MAYS, A MINOR CHILD                          PLAINTIFFS

V.                        CIVIL ACTION NO. 5:15-cv-120 (DCB)(MTP)

NORTH CENTRAL NARCOTICS TASK FORCE;
CLAIBORNE COUNTY, MISSISSIPPI; MARIO GRADY,
IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES;
CORY WEATHERSPOON, IN HIS OFFICIAL AND INDIVIDUAL
CAPACITIES; SCOTT STEWART, IN HIS OFFICIAL AND
INDIVIDUAL CAPACITIES; WILLIAM NEVELS, IN HIS
OFFICIAL AND INDIVIDUAL CAPACITIES; THE CLAIBORNE
COUNTY SHERIFF'S DEPARTMENT AND MICHAEL WELLS,
IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES; AND
DOE DEFENDANTS 1-10                                   DEFENDANTS
```

ORDER AND OPINION

This cause is before the Court on the plaintiffs' Motion Seeking Relief from Judgment Pursuant to Rule 60(b) **(docket entry 42)**. Having carefully considered the motion, response, and applicable law, and being otherwise fully informed in the premises, the Court finds as follows:

I. Facts and Procedural History

On or about March 20, 2014, members of the Central Narcotics Task Force and Claiborne County Sheriff's Department allegedly entered the plaintiffs' home, removed the plaintiffs' special needs child from his bed and forcefully detained him without provocation or justification. Compl. ¶¶ 15-17. Plaintiffs Robert

Franklin and Shannon O'Quinn Franklin, individually and on behalf of their son Larry D. Mays, filed their Complaint in the Circuit Court of Claiborne County, alleging a number of claims arising under state and federal law.

Defendants timely removed the action to federal court, and motions were filed by both parties. On December 17, 2015, the plaintiffs filed a motion to remand the case to state court. Shortly thereafter, defendants Claiborne County, Mario Grady, Cory Weatherspoon, and Michael Wells moved for dismissal pursuant to Rule 12(b)(6). Defendants Mario Grady, Michael Wells, and Cory Weatherspoon, in their individual capacities, also filed a motion seeking a Rule 7(a) reply from the plaintiffs regarding defendants' qualified immunity defense.

The Court addressed all three motions in a single Memorandum Opinion and Order ("the Order") (docket entry 40) filed on July 7, 2016. In its Order, the Court denied the plaintiffs' motion to remand and granted the defendants' motion for a Rule 7(a) reply. The Court also granted a partial dismissal of the Complaint pursuant to Rule 12(b)(6). Plaintiffs' Section 1983 claims against defendant Claiborne County were among the claims dismissed.[1]

---

[1] In addition to the Section 1983 claims against the County, Plaintiffs' claims of Negligent Hiring, Breach of Fiduciary Duty, Outrage/Intentional Infliction of Emotional Distress, Civil Conspiracy, Abuse of Process, Negligent Infliction of Emotional Distress as to Robert and Shannon Franklin, Negligence Per Se, and claims for punitive damages, prejudgment interest, and attorney's fees were

With regard to the Section 1983 claims against Claiborne County, the Court found that Plaintiffs failed to allege sufficient facts demonstrating any long-standing, unconstitutional policy or custom created by the County as required to assert municipal liability under Section 1983. Order, p.9.  Finding that the Complaint offered only vague and conclusory allegations, the Court dismissed Plaintiffs' claims as legally insufficient. Id. at 8.

Seeking relief from the Order, Plaintiffs' now file their Motion Seeking Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b).

## II. Discussion

The majority of the plaintiffs' motion is devoted to rehashing allegations in the Complaint and arguing the merits of their Section 1983 claims.  Aside from the plaintiffs' assertion that "manifest injustice will result" if they are unable to amend the Complaint, the motion is void of any reference to the provisions of Rule 60.  Plaintiffs' Motion, p. 2.  In their Response, Defendants argue that the plaintiffs' motion fails to allege any basis for relief under Rule 60(b) because no such basis exists.

---

dismissed.  The Court also dismissed all legal theories insofar as they were incorrectly pled as claims for relief (e.g. respondeat superior, res ipsa loquitur, agency, reckless disregard). Following the Order, Plaintiffs' remaining claims include: Section 1983 claims against the individual defendants; negligence; gross negligence; and negligent infliction of emotional distress as to plaintiff Larry D. Mays.

The Court finds that Plaintiffs' application of Rule 60 is misplaced. Under Rule 60(b), a district court has discretion to relieve a party from a final judgment, order, or proceeding based on:

> (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . .; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b); see Edwards v. City of Houston, 78 F.3d 983, 995 (5th Cir. 1996). Rule 60 seeks to strike a balance between "the desire to preserve the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 401 (5th Cir. 1981). Rule 60 is limited, by its terms, to the review of final judgments and orders; "interlocutory orders and judgments are not within the provisions of 60(b), but are left within the plenary power of the court that rendered them to afford such relief as justice requires." Zimzores v. Veterans Admin., 778 F.2d 264, 266 (5th Cir. 1985) (quoting 7 Moore's Federal Practice ¶ 60.20 at 60-170 (2d ed. 1985)); see Johnson v. TCB Construction Co., Inc., 2007 WL 37769, *1 (S.D. Miss. Jan. 4, 2007) (finding that the court had continuing jurisdiction to alter an order

adjudicating fewer than all of plaintiffs' claims under Rule 54(b)); see also Century Products Co. v. Cosco, Inc., 2003 WL 251957, *5 (N.D. Tex. Jan. 31, 2003) (applying the less stringent Rule 54(b) standard to the reconsideration of an interlocutory order).

The Order from which the plaintiffs are seeking relief is interlocutory in nature. See James by James v. Sadler, 909 F.2d 834, 836 (5th Cir. 1990)(an order granting partial dismissal based on plaintiff's failure to identify a municipal policy was interlocutory and not subject to the limitations of Rule 60(b)). The Court, in its Order, dismissed some, but not all, of Plaintiffs' claims against the named defendants, and following the Order, a number of Plaintiffs' claims remain pending. Because the plaintiffs' motion is improperly brought pursuant to Rule 60, the Court shall instead consider the motion as one for reconsideration of an interlocutory ruling under Rule 54(b).

Regarding interlocutory orders, Rule 54(b) provides:

> Any order . . . that adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). The decision to set aside an interlocutory order remains within the district court's discretion. See McKay v.

Novartis Pharmaceutical Corp., 751 F.3d 694, 701 (5th Cir. 2014); Zimzores, 778 F.2d at 267; see also Livingston, 259 F.Supp.2d at 475 ("District Courts have considerable discretion in deciding whether to grant a motion to reconsider an interlocutory order."). While the precise standard for reconsidering orders under Rule 54(b) remains unclear, "it is typically held to be less exacting than would be a motion under Rule 59(e), which is in turn less exacting than the standards enunciated in Rule 60(b)." Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp., 259 F.Supp.2d. 471, 475 (M.D. La. 2002).  In reviewing the plaintiffs' motion, the Court looks to the reconsideration standard under Rule 59(e) as a guidepost, while also recognizing that the policy in favor of securing the finality of judgments underlying Rules 59 and 60 is not implicated in this case. See James by James, 909 F.2d at 836.[2]

From the motion it appears that Plaintiffs' challenge is directed exclusively towards the Court's dismissal of the Section 1983 claims against Claiborne County.  In their motion, Plaintiffs claim that "manifest injustice will result if [they] are not allowed to amend their complaint" to include more specific facts

---

[2] Courts have discretion to grant motions for reconsideration under Rule 59(e). But Rule 59(e) motions constitute "extraordinary relief," which is only appropriate in three circumstances: "(1) an intervening change in the law; (2) the availability of new evidence not available, or (3) the need to correct a clear error of law or prevent manifest injustice." Kennedy v. Jefferson Co. Hospital, 2016 WL 6495595 (S.D. Miss. Nov. 2, 2016).

regarding the County's official policy or custom. Plaintiffs' Motion, p.2. Specifically, the plaintiffs seek to "fully flesh out" specific facts surrounding the County's use of "routine excessive force [] against vulnerable adults and the disregard shown for their medical conditions and need for additional care and consideration." Id. Though much of the motion involves improper and irrelevant arguments regarding the merits of their pending claims, and though the motion is void of any formal request, the Court surmises that Plaintiffs' apparent desire to amend their Section 1983 claims may be construed as a motion to amend the Complaint.

When a district court dismisses a portion of the complaint but does not terminate the action altogether, the plaintiff may amend under Rule 15(a) with permission of the Court. Rosenzweig v. Azurix Corp., 332 F.3d 854, 864 (5th Cir. 2003). "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); see James by James, 909 F.2d at 836 (the rule requires a district judge "freely to permit amendments unless the ends of justice require denial"). In determining whether to allow plaintiffs to amend following a partial dismissal, the Court considers factors such as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by [previously allowed amendments], undue prejudice

to the opposing party, [and] futility of amendment." Whitaker v. City of Houston, Tex., 963 F.2d 831, 836 (5th Cir. 1992). Absent such factors, leave to amend should be freely given. Rosenzweig, 332 F.3d at 864.

Upon consideration of all relevant factors, the Court finds that the plaintiffs are entitled to amend their Complaint to include specific facts regarding Claiborne County's alleged unconstitutional custom or policy. In the Order, the Court dismissed the Section 1983 claims against defendant Claiborne County based solely on Plaintiffs' failure to set forth specific facts demonstrating a long-standing, unconstitutional custom or policy created by the County. Indeed, the Court is unaware, based on the Complaint and Motion, as to whether facts sufficient to cure Plaintiffs' deficient Section 1983 claims exist; nevertheless, the Court finds no reason to deny Plaintiffs the opportunity to present the necessary facts through an amendment. Plaintiffs' motion was promptly filed within fourteen days after entry of the Order, and because discovery is currently stayed in the case, it is unlikely that allowing the amendment will cause the defendants' undue prejudice. Insofar as Plaintiffs' motion seeks to amend the Complaint, the Court finds that the motion should be granted.

Within fourteen (14) days of entry of this Order, the plaintiffs are permitted to amend their Section 1983 claims against Claiborne County to include specific facts demonstrating a long-standing official custom or policy in violation of the Constitution.  The Court reaffirms all other rulings articulated in its previous Order, including the dismissal of all other claims identified therein.

Accordingly,

IT IS HEREBY ORDERED that Plaintiffs' Motion (docket entry 42) is GRANTED to the extent set forth herein.

SO ORDERED, this the 17th day of November, 2016.

/s/ David Bramlette_____
UNITED STATES DISTRICT JUDGE