```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                     WESTERN DIVISION

ROBERT FRANKLIN AND SHANNON
O'QUINN FRANKLIN, EACH INDIVIDUALLY
AND EACH ON BEHALF OF LARRY D. MAYS,                PLAINTIFFS
A MINOR CHILD

V.                        CIVIL ACTION NO. 5:15-cv-120-DCB-MTP

NORTH CENTRAL NARCOTICS TASK FORCE;
CLAIBORNE COUNTY, MISSISSIPPI; MARIO GRADY,         DEFENDANTS
IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES;
CORY WEATHERSPOON, IN HIS OFFICIAL AND
INDIVIDUAL CAPACITIES; SCOTT STEWART,
IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES;
WILLIAM NEVELS, IN HIS OFFICIAL AND
INDIVIDUAL CAPACITIES; MICHAEL WELLS,
IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES;
AND DOE DEFENDANTS 1-10
```

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on defendants Mario Grady, Michael Wells, and Cory Weatherspoon, in their individual capacities, ("Individual Defendants" or "Defendants")'s Motion for Qualified Immunity as to Robert and Shannon Franklin's Fourth and Fourteenth Amendment Claims **(docket entry 45)**.[1] Having carefully considered the motion, responses, and applicable law, and being otherwise fully informed in the premises, the Court finds as follows:

---

[1] Defendant William Nevels has filed a Joinder document, expressly adopting the assertions, arguments, and requests for relief presented by defendants Mario Grady, Cory Weatherspoon and Michael Wells. It appears that defendant Scott Stewart does not join the motion because he was never served in the matter. See Defendants' Memorandum in Support of Motion for Qualified Immunity, p.2 n.1.

I. Facts and Procedural History

On or about March 20, 2014, members of the Central Narcotics Task Force and Claiborne County Sheriff's Department, entered the home of Robert and Shannon Franklin in search of criminal activity. Plaintiffs' Reply, p.3. While inside the residence, the officers allegedly snatched the Franklins' minor son from his bed, threw the child to the ground and placed a gun to his head. Id. Seeking relief from injuries allegedly sustained during the incident, Robert and Shannon Franklin, individually and on behalf of their son Larry D. Mays, filed suit against the named defendants.

In addition to certain state law claims, the plaintiffs' Complaint alleged constitutional claims against officers Mario Grady, Cory Weatherspoon, William Nevels, and Michael Wells in their individual capacities pursuant to 42 U.S.C. § 1983. The Individual Defendants, in their Original and Amended Answers, raised qualified immunity as a defense. On July 7, 2016, the Court entered an Order instructing the plaintiffs to address the defendants' qualified immunity defense in a Reply pursuant to Federal Rule of Civil Procedure 7(a). In compliance with that Order, the plaintiffs filed their Rule 7(a) Reply on July 20, 2016.

Defendants Mario Grady, Cory Weatherspoon, William Nevels, and Michael Wells now file their Motion for Qualified Immunity as to Robert and Shannon Franklin's Fourth and Fourteenth Amendment Claims. Defendants' motion is narrow in scope, seeking immunity

2

only with respect to the Fourth and Fourteenth Amendment claims asserted by Robert and Shannon Franklin. The defendants do not seek immunity as to the constitutional claims asserted on behalf of the minor child, Larry D. Mays.

## II. Discussion

The Individual Defendants claim they are entitled to qualified immunity inasmuch as Robert and Shannon Franklin have not shown that their constitutional rights were violated. Defendants advance two arguments in support of their motion: (1) that plaintiffs have failed to satisfy the heightened pleading standard required to overcome qualified immunity, and (2) that even if Plaintiffs' factual allegations are sufficient to overcome the qualified immunity defense, the Franklins have failed to assert any constitutional violation as a matter of law.  In response, the Franklins maintain that they have supported their constitutional claims with sufficient precision and factual specificity to raise a genuine issue as to the illegality of the defendants' conduct.

### A. *Standard of Review*

Motions for qualified immunity generally fall into one of two categories: Rule 12(b)(6) motions challenging the sufficiency of the plaintiff's allegations to establish the deprivation of a clearly established constitutional right, or Rule 56 motions arguing that the defendant's conduct was objectively reasonable in light of all circumstances. See Pardue v. Jackson Co., Miss., 2015

WL 1867145 (S.D. Miss. Apr. 23, 2015); Salcido v. Univ. of S. Miss., 2013 WL 2367877, *1 n.1 (S.D. Miss. May 29, 2013); Watkins v. Hawley, 2013 WL 3357703 (S.D. Miss. July 3, 2013) ("Typically, the former can be addressed without discovery, while the latter cannot."). Defendants fail to identify which procedural framework should be used to evaluate their motion. But given the nature of the parties' arguments and the procedural posture of the case, it appears that consideration pursuant to Rule 12 is appropriate. See Tate v. Sharp, 2013 WL 664865 (N.D. Miss. Feb. 22, 2013) (a motion for qualified immunity filed early in the litigation, but after defendants filed their answer, would ordinarily be treated as a Rule 12(c) motion for judgment on the pleadings).

"When considering a motion for judgment on the pleadings under Rule 12(c), the court is generally limited to 'the contents of the pleadings including attachments thereto.'" Bosarge, 796 F.3d at 439. The "pleadings" include the complaint, answers to the complaint, and "if the court orders one, a reply to an answer." Id. (quoting Fed. R. Civ. P. 7(a)). Generally, when a rule 12(c) motion presents matters outside the pleadings, the court may either exclude the evidence or treat the motion as one for summary judgment. See Fed. R. Civ. P. 12(d); see also Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC, 225 Fed. App'x 775, 783 (5th Cir. 2007) ("It is well known that when 'matters outside the pleading' are presented with a motion to dismiss under Rule

4

12(b)(6), a district court has complete discretion to either accept or exclude the evidence."). Although defendant William Nevel's Joinder to the motion presents evidence outside the pleadings by way of exhibit, the Court shall exclude this evidence and consider the motion under Rule 12(c).[2]

Rule 12(c) motions are governed by the same standards as motions to dismiss under Rule 12(b)(6). Bosarge v. Miss. Bureau of Narcotics, 796 F.3d 435, 439 (5th Cir. 2015). The Court accepts all "well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004). To survive the motion, the plaintiff must plead sufficient facts to state a claim for relief that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "But where the well-pleaded facts do not permit

---

[2] Defendants' motion arguments turn on the sufficiency of the plaintiffs' constitutional claims, an issue requiring no fact-intensive inquiry beyond the pleadings. Aside from the single exhibit, the defendants have presented no other evidence outside the pleadings in support of their Motion, nor have the plaintiffs produced any outside evidence in support of their Response. Further, conversion to a summary judgment motion would be unwarranted at this stage because there has been little or no discovery conducted by the parties. See Brennan v. Nat'l Tel. Directory Corp., 850 F.Supp. 331, 335 (E.D. Pa. 1994) (conversion was unwarranted where no factual record had been developed because "the parties may not be able to present enough material to support or oppose a motion for summary judgment").

5

the court to infer more than the mere possibility of misconduct, the complaint has alleged — but has not 'show[n]' — 'that the pleader is entitled to relief.'" Id. at 679.

*B. Qualified Immunity Analysis*

The doctrine of qualified immunity protects public officials performing discretionary functions "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Once a defendant claims qualified immunity, the burden shifts to the plaintiff to rebut the defense. Jenkins v. Town of Vardaman, Miss., 899 F.Supp.2d 526, 531 (N.D. Miss. 2012) ("it is the plaintiff, rather than defendant, who must do most of the 'heavy lifting' in the qualified immunity context").

When determining whether a defendant is entitled to qualified immunity, the Court's analysis is two-pronged. Langford v. Union County, Miss., 51 Fed. App'x. 930 (5th Cir. 2002). First, the Court must determine whether the plaintiff has alleged a violation of a clearly established constitutional right. Id. Upon finding that a constitutional violation has been alleged, the Court must determine whether the defendant's conduct was objectively reasonable in light of clearly established law at the time of the incident. Id. "If the plaintiff fails to state a constitutional claim or if the defendant's conduct was objectively reasonable

6

under clearly established law, then the governmental official is entitled to qualified immunity." U.S. Technology Corp. v. Miss. Dept. of Environmental Quality, 2016 WL 4098609, *5 (S.D. Miss. July 28, 2016). At this stage, Defendants' motion argument turns on the first prong of the qualified immunity analysis, namely whether the Franklins have alleged a violation of their clearly established constitutional rights.

Plaintiffs bringing suit against public officials in their individual capacities under 42 U.S.C. § 1983 must comply with heightened pleading requirements. See Schultea v. Wood, 47 F.3d 1427, 1434 (5th Cir. 1995) (affirming the heightened pleading standard articulated in Elliot v. Perez, 751 F.2d 1472 (5th Cir. 1985)). This heightened pleading standard requires more than conclusory allegations; "it requires claims of specific conduct and actions giving rise to a constitutional violation." Baker v. Putnal, 75 F.3d 190, 195 (5th Cir. 1996); see Reyes v. Sazan, 168 F.3d 158, 161 (5th Cir. 1999) ("heightened pleading requires allegations of fact focusing specifically on the conduct of the individual who caused the plaintiff's injury"); Jackson v. City of Beaumont Police Dept., 958 F.2d 616 (5th Cir. 1992) ("mere conclusory allegations and bold assertions are insufficient"). To overcome qualified immunity, a plaintiff must plead his claims with "sufficient precision and factual specificity to raise a

7

genuine issue as to the illegality of [the] defendant's conduct at the time of the alleged acts." Schultea, 47 F.3d at 1434.

The Franklins bring their constitutional claims pursuant to the Fourth and Fourteenth Amendments, alleging excessive force and asserting their right to be free from unreasonable searches and seizures. The Court shall therefore look to the Fourth Amendment and its reasonableness standard in examining the Franklins' excessive force claims.[3] To bring an excessive force claim under the Fourth Amendment, the Franklins must show: "(1) an injury that (2) resulted directly and only from the use of force that was excessive to the need, and that (3) the force used was objectively unreasonable." Brothers v. Zoss, 837 F.3d 513, 518 (5th Cir. 2016). A showing of "significant injury" is no longer required for excessive force claims, but "the injury must be more than de minimis." Tarver v. City of Edna, 410 F.3d 745, 752 (5th Cir. 2005); Payne v. Parnell, 246 Fed. App'x 884, 889 (5th Cir. 2007) (evaluating the alleged injury in the context in which the force was deployed).

As to Robert and Shannon Franklin, the plaintiffs' Complaint and Rule 7(a) Reply make few allegations:

- The emotional and psychological trauma caused by the injuries sustained by Larry D. Mays directly and

---

[3] "All claims that law enforcement officers used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." Graham v. Connor, 490 U.S. 386, 396 (1989).

proximately affects all the Plaintiffs herein. Compl., ¶ 21.

- Shannon O'Quinn Franklin was present and witnessed the incident. She states the individuals she saw accost her son and point a gun at her son's head were wearing black masks. Mrs. Franklin states that most of the individuals had white noses. Reply, p. 3.

- Mr. Robert Franklin states that he saw one of the individuals, believed to be an African-American male, remove his mask at one point. Reply, p. 3.

- Mrs. Franklin states that she told the individuals that her son had special needs and that he needed his medicine to avoid having a seizure. Mrs. Franklin states that she begged the individuals to allow her son to take his seizure medicine, but they refused. Reply, p. 3.

- Upon information and belief, Robert Franklin was arrested and his charge resulted in no jail time being served. Reply, p. 4.

- Meanwhile, the physical attack upon Larry D. Mays resulted in significant physical injuries and emotional distress to the Plaintiffs. Reply, p. 4.

The Court finds that these allegations lack the factual specificity needed to determine whether the defendants violated Robert and Shannon Franklin's clearly established rights. "It is not enough for the plaintiff to allege that [a] government official violated a clearly established right in the generalized sense . . . the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Brown v. Glossip, 878 F.2d 871, 874 (5th Cir. 1989).

9

In Jackson v. City of Beaumont Police Dept., 958 F.2d 616, 621 (5th Cir. 1992) the Fifth Circuit determined that a plaintiff could not overcome the heightened pleading requirement by merely asserting that an officer's use of force was "without justification" and in "bad faith." Id. The plaintiff in Jackson failed to provide any facts "regarding his own conduct during the incident, the reasons given, if any, by the officers for being called to the scene, or any other factors relating to the circumstances leading to, and surrounding, his arrest and other alleged actions by the officers." Finding no facts from which to determine whether the officers' conduct was unreasonable, the court characterized the plaintiffs' allegations as conclusory statements insufficient to overcome the qualified immunity defense. Id.

Aside from asserting that the defendants' use of force was "unprovoked and unjustified," and that Larry Mays committed no crime and provided no resistance, the Franklins have otherwise failed to provide any specific facts to suggest that the officers' conduct was objectively unreasonable under the circumstances. Reply, p.4.

Significantly, the plaintiffs have failed to identify any specific injuries or symptoms, emotional or otherwise, suffered by Robert and Shannon Franklin as a result of the altercation. From a careful reading of the pleadings, there are no facts which, in

10

the broadest sense, would support a physical injury to Robert and Shannon Franklin. While the pleadings do contain specific facts relating to injuries suffered by Larry Mays, i.e. that he suffered a seizure immediately after the officers left the scene, and that he now requires additional medication and suffers seizures at an increased rate, the Franklins' injuries are described in general terms as "physical and psychological trauma" and "emotional distress." Compl., ¶ 21; Reply, p. 4. Although psychological injuries may give rise to a cognizable claim under Section 1983, the Court finds that the facts provided here are incapable of establishing that the Franklins suffered any injury that was more than de minimis. See Flores v. City of Palacios, 381 F.3d 391, 400 (5th Cir. 2004); Khansari v. City of Houston, 14 F.Supp.3d 842 (S.D. Tex. 2014).

When faced with similar allegations, a court within the Fifth Circuit held that parents who suffered emotional distress after witnessing police action against their son failed to sufficiently state a claim under Section 1983. See Khansari, 14 F.Supp.3d at 842. In Khansari, the plaintiff parents alleged that they stood feet away from their child as police officers, who disregarded the mother's attempts to explain her son's fragile medical state, shot him with a taser gun. Id. at 862. The parents alleged that they suffered shock and extreme emotional distress as a result of the officers' conduct and asserted claims "aris[ing] not only from the

11

horror of witnessing their son being shot with a taser in his eye but also from the Officers' actions aimed directly at [them]." Id. at 863. Despite allegations that the officers also verbally threatened and pointed weapons towards the parents, the district court concluded "that the only claims asserted for injuries suffered by [the parents were] claims for emotional distress arising from witnessing police action against their son." Id. Following the Fifth Circuit's holding in Grandstaff v. City of Borger, 767 F.2d 161 (5th Cir. 1985), the district court held that the parents were incapable of establishing "that [they] suffered an injury that was more than de minimis" and dismissed the parents' individual and bystander claims. Id.

In their motion, Defendants similarly rely on Grandstaff for the proposition that a bystander who witnesses police action but is not himself the object of that action cannot recover for emotional injuries under Section 1983. 767 F.2d at 172. In Grandstaff, the Fifth Circuit reversed a jury verdict in favor of a deceased victim's family members, whose claims were based solely on emotional distress suffered as bystanders to police action against the deceased. Id. In view of his wife and minor stepsons, James Grandstaff was shot and killed by police in the front yard of his home. Id. at 165. Though the Fifth Circuit recognized that Grandstaff's own constitutional rights were violated during the

12

shooting, the Court held that recovery for the bystanders' emotional trauma was not permitted under Section 1983. Id. at 172.

Considering the plaintiffs' allegations in light of Grandstaff and Khansari, the Court finds that Robert and Shannon Franklin have failed to sufficiently allege that their clearly established constitutional rights were violated. Like the plaintiffs in the Khansari, the Franklins have failed to plead any facts to suggest they suffered harm independent of the officers' alleged mistreatment of their child. Further, the Complaint and Rule 7(a) Reply identify no facts showing an unconstitutional seizure of Robert or Shannon Franklin. Nor are there any facts to suggest that the defendants' entry onto the property was improper, or that the Franklins' home was unlawfully searched. From the facts, it appears that the Franklins' claims rest entirely on the alleged seizure and excessive use of force against Larry Mays. And as the Fifth Circuit provided in Grandstaff, "there is no constitutional right to be free from witnessing this police action." Id. at 172.

In their Response to the motion, the plaintiffs introduce, for the first time, subtle embellishments to the allegations contained in their original pleadings.[4] Plaintiffs also restate

---

[4] It appears that Robert and Shannon Franklin's names have been added to allegations originally describing the defendants' actions towards Larry Mays. For example, the plaintiffs' Rule 7(a) Reply provides that the "blows dealt to Larry D. Mays by the officers were grossly disproportionate to the lack of resistance he offered." Reply, p. 11-12. Plaintiffs' Response now provides

13

these assertions in their Amended Complaint.[5] But they add little substance to the Franklins' claims. The Response refers to "blows" dealt by the defendants, and cites the defendants' use of "physical attack, handcuffs and unlawful restraint[s]" as excessive force. Response, pp. 11, 13. Taken together, Plaintiffs' allegations offer nothing more than the conclusory assertion that the defendants used excessive force and caused injury. See Wells v. Newkirk-Turner, 2014 WL 5392960, *4 (S.D. Miss. Oct. 22, 2014) (conclusory allegations that track the elements of a claim are insufficient to meet the heightened pleading requirements of an individual-capacity § 1983 claim). Without more, the Court finds that the Franklins have failed to allege any constitutional claim with the precision and factual specificity required to overcome the defendants' qualified immunity defense.

While the Court recognizes that plaintiffs should ordinarily be given an additional opportunity to satisfy the heightened pleading standard after qualified immunity is raised, the Franklins have already been afforded such an opportunity in this

---

that the "blows dealt to Larry D. Mays, Shannon Franklin and Robert Franklin by the officers were grossly disproportionate to the lack of resistance they offered." Response, p. 11-12 (emphasis added).

[5] Plaintiffs filed their Amended Complaint after briefing on Defendants' Motion for Qualified Immunity was completed in this case. In a previous Order, the Court granted the plaintiffs leave to amend their constitutional claims against Claiborne County. The Court did not, however, address Plaintiffs' Section 1983 claims against the individual defendants. See Order and Opinion, p.9 [docket entry 58]. Nevertheless, the Amended Complaint does not appear to provide any new information insofar as it relates to the Franklins' claims against the individual officers.

case.  The Court ordered the plaintiffs to submit a Schultea reply in accordance with Rule 7(a), and the plaintiffs complied.  The Franklins have therefore been "apprised of the insufficiency of their conclusory allegations . . . and have been afforded the opportunity to plead facts that would overcome the bar of qualified immunity."  Prater v. Wilkinson, 2014 WL 7334185 (S.D. Miss. Dec. 19, 2014).  The Court assumes that the Franklins' allegations constitute their best case against the defendants' qualified immunity claim, and as provided above, the Franklins' best case simply falls short.

The Court finds that the Motion for Qualified Immunity is well-taken, and shall dismiss the constitutional claims asserted by the Franklins against the defendants in their individual capacities.  The constitutional claims asserted on behalf of Larry Mays survive, as do the Franklins' remaining claims that were not subject to the motion.

Accordingly,

IT IS HEREBY ORDERED that Defendants' Motion for Qualified Immunity (docket entry 45) is GRANTED.

SO ORDERED AND ADJUDGED this the 20th day of December, 2016.


/s/ David Bramlette
UNITED STATES DISTRICT JUDGE