**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

ROBERT FRANKLIN AND SHANNON
O'QUINN FRANKLIN, EACH INDIVIDUALLY
AND EACH ON BEHALF OF LARRY D. MAYS,
A MINOR CHILD                                                                                   PLAINTIFFS

VS.                                            CIVIL ACTION NO. 5:15CV120-DCB-MTP

NORTH CENTRAL NARCOTICS TASK FORCE;
CLAIBORNE COUNTY, MISSISSIPPI; MARIO GRADY,
IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES;
CORY WEATHERSPOON, IN HIS OFFICIAL AND
INDIVIDUAL CAPACITIES; SCOTT STEWART,
IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES;
WILLIAM NEVELS, IN HIS OFFICIAL AND
INDIVIDUAL CAPACITIES; MICHAEL WELLS,
IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES;
AND DOE DEFENDANTS 1-10                                                         DEFENDANTS

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court *sua sponte* upon the Plaintiffs' failure to timely serve process on Defendant Scott Stewart. The undersigned finds that Plaintiffs have failed to show good cause for failure to serve Defendant Scott Stewart and recommends that the claims against him be dismissed without prejudice.

Plaintiffs filed their complaint on June 1, 2015 in Claiborne County Circuit Court. This case was then removed to this Court on December 11, 2015. Before removal Defendant Scott Stewart had not been served. Once removal occurred Plaintiffs had a duty to properly serve Defendant with process within 90 days. *See* Fed. R. Civ. P. 4(c) (providing that the "plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)

1

and must furnish the necessary copies to the person who makes service").[1] This case has now been pending before this Court for more than a year. On December 21, 2016, the Court entered an Order to Show Cause [63], directing Plaintiffs to establish satisfactory good cause as to why they have not served process on this Defendant and warned that the complaint may be dismissed as to Scott Stewart if good cause was not shown.

In the response to the show cause order [66] Plaintiffs claim that they are unable to locate Scott Stewart and submit evidence of their efforts to serve him from before the case was removed to this Court. *See* [66-1]. They also submit a Lexis search for the name Scott Stewart run on January 2, 2017. *See* [66-2]. Plaintiffs also requested additional time to serve process on him in this response.   *See* Response [66] at 2.

Plaintiffs have not shown any attempt to locate or serve Stewart after the case was removed and did not seek additional time to do so until 298 days past the deadline.[2] Plaintiffs give no explanation for this delay after the case was removed and have not established good cause for this Court to allow them to now serve process on this defendant.

---

[1] "In removed cases, the Rule 4(m) time period starts to run upon removal to the federal district court, not the date the action was originated in state court." 4B Wright & Miller, Fed. Prac. & Proc. Civ. § 1137 (4th ed.)
As the United States District Court for the Northern District of Mississippi explained in *Henson v. Lowes Home Centers*:
> Ordinarily, Rule 4(m) provides a plaintiff with [90] days from the date the complaint is filed to effectuate service of process upon a defendant. In the context of removal, however, some courts maintain that the [90]–day period does not commence until the date the case is removed to federal court ... Although neither this court, the Fifth Circuit, nor the United States Supreme Court has decisively adopted this standard, other district courts in this circuit have implicitly recognized it.

No. 1:99cv302–D–D, 2000 WL 1015833, at *1-2 (N.D. Miss. June 27, 2000) (citations omitted); *see also Stinson v. Louisiana*, No. 07-0531, 2007 WL 4224227, at *1 (W.D. La. Nov. 27, 2007) (finding that the time period for service begins on the date when a case is removed).

**RECOMMENDATION**

As Plaintiffs failed to serve Defendant Stewart within the 90 days provided by Rule 4 and has not established good cause for this court to grant an extension to do so, the undersigned recommends that the claims against Scott Stewart be DISMISSED WITHOUT PREJUDICE pursuant to Federal Rules of Civil Procedure 4(m).

**NOTICE OF RIGHT TO OBJECT**

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 24th day of January, 2017.

s/ Michael T. Parker<br>United States Magistrate Judge

---

[2] The deadline to serve Defendant was March 10, 2016, ninety days after the date of removal.